## Halberstadt *v.* Bannan, Appellant.

*Written contract—Parol evidence to vary—Oath against oath.*

Where the plaintiff alleges that a cotemporaneous parol agreement induced him to execute or accept the written contract, his unsupported oath to that effect, contradicted by the oath of the defendant, is insufficient to entitle him to have the question submitted to the jury:  Thomas v. Loose, 114 Pa. 35, and Jackson v. Payne, Id. 67, applied.

*Written contract—Construction of—" Expense of making " held to include cost of purchase.*

A written contract " to divide equally the expense of making the American Steam Heater, and the profits on the same, on all heaters sold " in a certain territory, calls for a division of the cost of heaters purchased as well as of those made.

*Profits—Evidence—Declarations of purchasers—Resistance of payment.*

On a suit for a share of the profits under such contract, where it was the duty of the defendant to furnish and put up the heaters, declarations of persons for whom work was done by defendant, as to their dissatisfaction, are not evidence to charge him with the amount of their unpaid bills on the ground of his negligent performance of the work; nor should the fact that they resisted payment be permitted to prejudice the defendant, unless their resistance was effectual and on the ground of defendant's negligence.

Argued Feb. 15, 1892.  Appeal, No. 126, July T., 1890, by defendant, Francis B. Bannan, from judgment of C. P. Schuylkill Co., March T., 1886, No. 186, on verdict for plaintiff, A. M. Halberstadt.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Case for damages for breach of contract.

At the trial, before BECHTEL, J., it appeared that the written contract between the plaintiff and defendant was contained in the following letter:

"MR. A. M. HALBERSTADT,

Dear Sir: Your letter of even date this day received, and contents noted, to-wit; You to use your whole and undivided attention to the business of steam heating in my interest as well as your own, to-wit; To divide equally the expense of making the American Steam Heater, and the profits on the same, on all heaters sold in your territory, I to pay your traveling expenses for soliciting work, not to exceed five dollars per day, and I to allow you 12.5 per cent on the amount of all contracts for steam heat in the state of Penn'a., where the American Steam Heater is used and furnished by us.

The above proposition is this day accepted.

Respectfully,

(Signed)    F. B. BANNAN."

The defence was that by reason of nonpayment of various contracts placed by plaintiff, there was now nothing due him, after dividing equally the expense as provided for in the contract. The plaintiff was permitted, under objection, to question defendant as to the refusal of a purchaser to pay, because he claimed that defendant did not perform his contract. [4]    The plaintiff alleged that under the agreement he could not be charged with one half of the cost of boilers *purchased*, but only with one half of the cost of those *made* by defendant; and testified that such was their parol agreement.    The court below, in the general charge, left this question to the jury. [3]

*Errors assigned* were, among others, (3) the portion of the charge above referred to, quoting it; (4) ruling on evidence above referred to, quoting bill of exceptions.

*John W. Ryon*, for appellant.

*F. W. Bechtel, A. J. Pilgrim* with him, for appellee.

OPINION BY MR. JUSTICE HEYDRICK, April 25, 1892:

The difficulty in the way of the plaintiff's contention, sustained by the court below, is twofold.    In the first place there is no ambiguity in the contract declared upon, to be explained by parol evidence, and, in the second place, the effect, if any,

and certainly the manifest object of the testimony offered and admitted under objection, was not to explain anything that was written, but to reform or write into the contract a stipulation that was not to be found there.    The language of the contract, " to divide equally the expense of making the American Steam Heater and the profits on the same," was alike appropriate to the business actually carried on, and to that which the plaintiff says was contemplated.    Whether the defendant employed mechanics to work by the day upon boilers in a shop fitted up by him for the purpose, or employed Boyer, the patentee, to do the same thing for him, the cost of the boilers would be the " expense of making " them, within the spirit of the contract.    Nothing contained in the contract itself, or in the evidence offered in supposed explanation of it, indicates that any advantage was to accrue, or was likely to accrue, to the plaintiff in case the boilers were actually manufactured by or under the personal direction of the defendant, which would not accrue to him if they were ordered from the patentee.    There was, therefore, no reason for an attempt to vary what was, by the very offer of the testimony, conceded to be the plain meaning of the words used by the parties.

The real object, however, of the testimony, was not to explain, but to reform, or add to the contract.    The plaintiff admitted that he was to bear half of the expense of making such boilers as the defendant should personally manufacture, and therefore as to such the provision must stand as written.    None had been so manufactured, but all had been ordered from Boyer and paid for by the defendant, who had not been reimbursed by collections from patrons.    To escape from liability for one half of the expense of the boilers that had not been paid for by patrons, and at the same time come in under the terms of the contract as to division of profits, the plaintiff must read into the contract a further stipulation.    Neither fraud, accident nor mistake was alleged, but something like an attempt was made to prove, by the unsupported oath of the plaintiff, a cotemporaneous parol agreement inducing him to execute, or accept the written contract.    It would be a waste of time to consider whether his testimony was sufficiently clear and precise upon this subject to entitle it to be submitted to the jury.    Unsupported as it was, and contradicted by the oath of the defendant,

it could not go to the jury. This subject has been so fully discussed in Thomas v. Loose, 114 Pa. 35, and Jackson v. Payne, Id. 67, and other recent cases, as to require no further notice.

Declarations of persons for whom work was done by the defendant, as to their dissatisfaction, were not evidence, nor should the fact that they resisted payment be permitted to prejudice the defendant, unless their resistance was effectual, and that upon the ground of negligence in the performance of the work, not of the unsuitableness of the boilers.

The judgment is reversed, and a venire facias de novo is awarded.