# Barber v. Miller, Appellant.

*Principal and agent—Real estate broker.*

Where a real estate broker's employment is by its terms not exclusive, and his commissions are made conditional upon the actual procuring of a signature to a lease and of a down payment thereon, commissions are not earned by the broker by merely bringing together the owner of the property and a prospective tenant.

Argued Oct. 7, 1909. Appeal, No. 44, Oct. T., 1909, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1908, No. 1,772, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Edward Barber et al. v.

George Miller.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Reversed.

Assumpsit to recover commissions for renting real estate.

Rule for judgment for want of a sufficient affidavit of defense.    Before SULZBERGER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Francis Chapman,* of *Chapman & Chapman,* with him *S. Spencer Chapman,* for appellant.—The law is that if a broker enter into negotiation with an intending purchaser and bring him into contact with the vendor and then after the purchaser has concluded not to buy, other persons induce him to buy, the broker has no right to a commission: Earp v. Cummins, 54 Pa. 394; Brodhead v. Pullman Vent. Co., 29 Pa. Superior Ct. 19; Henderson v. Sonneborn, 30 Pa. Superior Ct. 182; Kifer v. Yoder, 198 Pa. 308.

The plaintiffs did not earn their commission by bringing into contact two people who had theretofore been in treaty with each other.    Their employment required more than this: Hartley v. Anderson, 150 Pa. 391; Black v. Snook, 204 Pa. 119; Masterson v. Masterson, 121 Pa. 605; Burchfield v. Griffith, 10 Pa. Superior Ct. 618.

*George P. Rich,* for appellees.—Where a real estate broker has commenced negotiations with a purchaser, the owner cannot, while such negotiations are pending, take it into his own hands and complete it, either at or below the first price limited, and then refuse to pay the commissions: Gibson's Est:, 161 Pa. 177; Seabury v. Fidelity Ins., etc., Co., 205 Pa. 234.

OPINION BY MORRISON, J., December 13, 1909:

This is an action in assumpsit brought by plaintiffs to recover commissions as brokers.    The declaration alleged that the defendant employed plaintiffs to rent No. 1306 Chestnut

street; that they offered it, among others, to the Crane Ice Cream Company, who did not lease; that defendant then directed them to offer to the Crane company No. 1310 Chestnut street, also owned by him; that they did offer the property No. 1310 Chestnut street and procured an offer from the Crane company of $15,000 per annum for five years; that the offer was accepted and plaintiffs prepared leases which were in accordance with the agreed conditions and approved by defendant; that pending the execution of the lease the defendant came in contact with the Crane company and rented the property to it for the same rent and term by reason of which defendant became indebted to plaintiffs for the agreed commission.

The question in this case is, could the court below, on the declaration and the affidavit and supplemental affidavit of defense legally grant judgment against the defendant thereby depriving him of a jury trial?

In the opinion filed, the learned court below appears to have assumed that the contract between the plaintiffs and the defendant was contained in the letters of June 30, 1908, and July 1, 1908, copies of which letters are embraced in the plaintiff's declaration. An examination of the affidavits of defense leads us to the conclusion that the court was not warranted in this assumption. Let us see what the contract was as averred in the affidavits of defense. Upon this question the appellants' counsel have very fairly summarized the averments contained in their affidavits of defense as follows, to wit:

"That the defendant was the owner of two properties, No.'s 1306 and 1310 Chestnut Street; that he had been negotiating a contract with the Crane Ice Cream Company prior to employing plaintiffs; that he first tried to rent 1306 and then 1310 Chestnut street to the Crane Company and that he asked the plaintiffs to try to interest the manager of the Crane Company in 1310 Chestnut street and that they thereupon wrote the letter contained in the statement which did not contain the whole agreement and was not the real agreement; that it was clearly agreed that their employment was not exclusive and that their commission was only to be due if they secured a

tenant, 'the consummation of a lease by the obtaining the signature thereto and a down payment thereon;' that they did not obtain the execution of a lease by the Crane Company or a down payment, and that the Crane Company refused to execute the lease; that plaintiff's negotiation with the Crane Company having ended and they then offering the property to other persons, defendant employed one Deakyne who negotiated the lease de novo and finally consummated it and was paid therefor."

The learned court holding that the affidavits averring, in substance, the above showed no defense, made absolute a rule for judgment. The averments of fact in the affidavits so far as they are relevant and material, must, for present purposes, be accepted as verity: Brooks v. Keller, 173 Pa. 615.

Now assuming as averred that the plaintiffs' employment was not exclusive and that the undertaking of the plaintiffs was the actual procuring of the signature to a lease and the making of a down payment, the court was not warranted in holding that the contract of employment between the plaintiffs and the defendant was to bring together the defendant and another who might subsequently enter into a bargain. In the opinion the court says: "It was not the plaintiffs' duty or their contract to prepare a lease or to be present at its execution. All they had to do was to bring the landlord and the tenant together, and as, when they were brought together, they agreed, there can be no logical reference of the act of agreement to an undescribed and perhaps indescribable influence of the alleged second agent in the case." This seems to be a misunderstanding, by the court, of the contract as averred in the affidavits of defense. It entirely ignores the fact that the defendant had been negotiating with the Crane Ice Cream Company prior to his employing the plaintiffs and it further ignores the fact that the contract was not to bring the parties together, but it was for the execution of a lease and the securing of a down payment thereon. It cannot be contended that the plaintiffs brought the landlord and tenant together, nor that they secured the execution of a lease or a down payment. The court evidently considered the contract

as bringing the case within the rule of Keys v. Johnson, 68 Pa. 42, where Mr. Justice SHARSWOOD said: "Brokers are persons whose business it is to bring buyer and seller together. They need have nothing to do with the negotiations of the bargain. . . . A broker becomes entitled to his commissions whenever he procures for his principal a party with whom he is satisfied, and who actually contracts for the purchase of the property at a price acceptable to the owner." But the concluding sentence of Justice SHARSWOOD's opinion recognizes that the rule would be different where there is something special in the contract of employment, or the circumstances of the case, to preclude the broker from recovering commissions. The contract of employment in the present case, as averred in the affidavits of defense, was clearly more than the bringing together of the owner of the property and a prospective tenant. The defendant and the ice cream company had been together negotiating prior to the employment of the plaintiffs by the defendant. If the affidavits sufficiently aver, as we think they do, that the plaintiffs were to secure the execution of a lease and to secure a down payment, it must be conceded that they failed to earn their commission, on this record, as a matter of law.

It is further averred in the affidavits of defense that the negotiations between the plaintiffs and the ice cream company had fully and finally ended in failure. That the plaintiffs then began to offer the property to other persons for rent, and it is also averred that at no time did the plaintiffs have the exclusive right to rent the property. It is also averred that the lease between the defendant and the ice cream company was finally negotiated and consummated by Deakyne who received his commission therefor from the defendant.

In this opinion we assume that the same principles of law which govern the claims of brokers for commissions on sales of real estate will apply to claims for leasing or renting real estate. The law is well settled that if a broker negotiates with an intending purchaser and brings him into contact with the vendor, then after the purchaser has concluded not to buy, the broker has no right to commission. This proposition is

sustained by Earp v. Cummins, 54 Pa. 394, opinion by WOOD-WARD, C. J. In that opinion we find the following: "But if the services of the broker, whatever they be, fail to accomplish a sale, and several months after the proposed purchaser has decided not to buy, he is induced by other persons to reconsider his resolution, and then makes the purchase as the consequence of such secondary or supervening influence, the broker has no right to a commission." The same principle is recognized in the following cases: Brodhead v. Pullman Ventilator Co., 29 Pa. Superior Ct. 19; Henderson v. Sonneborn, 30 Pa. Superior Ct. 182; Kifer v. Yoder, 198 Pa. 308. Under the facts averred in the affidavits of defense the court was not warranted in holding, as matter of law, as to the plaintiffs, that, "all they had to do was to bring the landlord and the tenant together, and as, when they were brought together, they agreed, there can be no logical reference of the act of agreement to an undescribed and perhaps indescribable influence of the alleged second agent in the case."

"Where a contract provided for payment for services in procuring a purchaser for real estate or effecting a sale, such services are not rendered by submitting a proposition from a party with whom the owners had been negotiating:" Syllabus of Hartley v. Anderson, 150 Pa. 391.

In Black v. Snook, 204 Pa. 119, the defendant admitted substantially the agreement as claimed by the plaintiff but averred, contrary to the contention of the plaintiff, that the latter had not the exclusive right to dispose of the property, and that the defendant sold it. Held, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained. In that case the Supreme Court said: "The question at issue, therefore, was one of fact, and having been properly submitted to the jury, the judgment is affirmed."

In the present case the questions of whether the plaintiffs' contract was to procure the signing of a lease and the making of a down payment and whether they actually accomplished this or it was done by another after their undertaking with the defendant had ended, must, under the averments of the affidavits of defense, be submitted to a jury: Masterson v. Mas-

terson, 121 Pa. 605; Burchfield v. Griffith, 10 Pa. Superior Ct. 618. See also the recent case of Turner v. Baker, 225 Pa. 359, opinion by Mr. Justice ELKIN.

The assignments of error are sustained and the judgment is, therefore, reversed, with a procedendo.