# Stevenson, Appellant, *v.* Bannan.

*Contract—Commission on sale—Owners in common—Partition—Vendor and vendee.*

A clause in an agreement to the effect that the party of the first part, owner in common with a coal company of certain coal lands "does hereby employ the party of the second part to procure for him a purchaser for said coal lands, in case the same shall be offered for sale in the course of said partition proceedings, and in case such purchaser shall be found, the party of the first will pay to the party of the second part the sum of ten per centum of the amount which he shall receive for his interest in said tract, whether said sale shall be made in the course of said partition proceedings or not, and whoever may be the purchaser thereof; and shall also include any amount received from the said coal company as a settlement in said partition proceedings, it being the understanding of the parties hereto that a partition of said premises is essential to a successful sale thereof, and that the finding of a purchaser who will buy said land in case it shall be offered for sale in the course of said proceedings, is essential in order for a successful prosecution thereof" is to be construed to mean that the compensation of ten per centum hinges on the procuring of a purchaser, ready, able and willing to buy the land in question, providing it shall be offered for sale, and not that the ten per cent. commission is to be paid in the event of a settlement of the partition proceedings by a sale between the owners in common.

Argued Feb. 15, 1910. Appeal, No. 353, Jan. T., 1909, by plaintiff, from order of C. P. Schuylkill Co., March T., 1909, No. 197, discharging rule for judgment for want of a sufficient affidavit of defense in case of J. G. Stevenson v. Francis B. Bannan, Executor of John Bannan, deceased. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a written agreement.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear in the following opinion by SHAY, P. J.:

This is an action founded on an agreement entered into be-

tween Francis B. Bannan, of the one part, and J. G. Stevenson, of the other.  In his statement, the plaintiff, Stevenson, alleges that the defendant is indebted to him in the sum of $3,800, being ten per cent. of the purchase price of a tract of land which the defendant, Francis B. Bannan, held in common with the Philadelphia & Reading Coal & Iron Company.  To the statement defendant has filed a demurrer, the important parts of which are as follows:

"Defendant demurs specially, and not generally, to the whole statement, and for cause of demurrer shows, that no liability is shown to be due from the defendant to the plaintiff under the several averments set forth in plaintiff's statement of claim."

He also files an affidavit of defense, on which the above rule is taken, and in his affidavit sets forth that he " denies that the plaintiff procured for him a purchaser for the lands described in the plaintiff's statement, as stated in the agreement of April 21, 1907, and denies that he performed any of the undertakings expressed or implied therein set forth on plaintiff's part expressly or impliedly to be performed by him.

"Defendant further avers that said plaintiff had nothing whatever to do, in any respect, with the partition proceedings between the defendant and the Philadelphia & Reading Coal & Iron Company, referred to in plaintiff's statement.

"Defendant further avers that plaintiff has nothing whatever to do with the negotiations between the defendant and the Philadelphia & Reading Coal & Iron Company, which resulted in a sale of the interests of the John Bannan estate in the Keffer lands, to the said Philadelphia & Reading Coal & Iron Company.

"Defendant denies that there is any liability set out in the plaintiff's statement of claim.

"Defendant denies that he owes the plaintiff ten per cent. of the purchase price received from the Philadelphia & Reading Coal & Iron Company for the land described in said partition proceedings."

The whole question at issue here hinges on the construction of the following clause in the agreement, to wit:

"Now this agreement witnesseth, that the party of the first part does hereby employ the party of the second part to procure for him a purchaser for said coal lands, known as the Keffer Improvement Tract, in case the same shall be offered for sale in the course of said partition proceedings; and in case such purchaser shall be found, the party of the first part will pay to the party of the second part the sum of ten per centum of the amount which he shall receive for his interest in said Keffer Improvement Tract, whether said sale shall be made in the course of said partition proceedings or not, and whoever may be the purchaser thereof; and shall also include any amount received from the said Philadelphia & Reading Coal & Iron Company as a settlement in said partition proceedings. It being the understanding of the parties hereto that a partition of said premises is essential to a successful sale thereof, and that the finding of a purchaser who will buy said land in case it shall be offered for sale in the course of said proceedings, is essential in order for a successful prosecution thereof."

We do not construe this agreement to mean that the plaintiff shall do nothing, but that his compensation of ten per centum hinges upon the fact of his procuring a purchaser who is ready, able and willing to buy the land in question, providing it is offered for sale.

On first blush, the plaintiff's contention might appear to be the correct one, that even though no sale were effected other than to the Philadelphia & Reading Coal & Iron Company, who would take in partition proceedings, he was then to receive the ten per centum; but on reading the whole of the above clause, there can be no doubt that the meaning of this clause is that the plaintiff was to have a purchaser ready, able and willing to buy, in order that the partition proceedings might be carried to their final consummation. The statement does not allege that the plaintiff had procured a purchaser, as above set forth, or, in fact, that he had procured any purchaser, but seems to rely upon the fact that the property was sold in the course of partition proceedings, to the Philadelphia & Reading Coal & Iron Company, and that his duties were performed.

With this view of the case we cannot agree, and we think that the construction of the contract is as we have stated above. It was incumbent upon this plaintiff to procure a purchaser before he was entitled to any compensation; and as he has not alleged this in this statement, his statement is defective, as it does not contain an allegation of performance upon his part. We have concluded, however, to overrule the demurrer and the motion for judgment for want of a sufficient affidavit of defense, and dispose of this question on the trial of the case; for, if the plaintiff can prove that he had a purchaser able, willing and ready to buy, then we think he would be entitled to his compensation under this contract, otherwise not; but for the present we will overrule both motions and dispose of whatever questions may arise upon the trial of this case.

And now, May 17, 1909, the demurrer is overruled, and the motion for judgment for want of a sufficient affidavit of defense is also overruled or discharged.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*William Wilhelm*, with him *George W. Dyson*, for appellant, cited: Ryon v. Starr, 214 Pa. 318; Turner v. Baker, 225 Pa. 359; Owens v. Wehrle, 14 Pa. Superior Ct. 536.

*George M. Roads*, for appellee, cited: Murphy v. Cappeau, 147 Pa. 45; Ensign v. Kindred, 163 Pa. 638; Wilson v. Trust Co., 225 Pa. 143; Byrne v. Hayden, 124 Pa. 170; Gere v. Unger, 125 Pa. 644; Fritz v. Hathaway, 135 Pa. 274.

Per Curiam, March 21, 1910:

The terms of the agreement on which the action is founded are not clear, but it appears from them that it was the intention of the parties that the plaintiff should procure a buyer, not that he should be paid a commission in any event. The order of the court discharging the plaintiff's rule for judgment is affirmed for the reasons stated in the opinion of Judge Shay.