## Lowenstein, Appellant, *v.* McPeak.

*Principal and agent—Brokers—Commissions.*

1. It is always incumbent upon a broker seeking to recover his commission to prove that the sale was made to a party whom he secured as purchaser, or that the purchaser was able and willing to buy, and that the failure to make the actual sale was through no fault of the broker or his customer.

2. In an action by a real estate broker to recover commissions, an affidavit of defense is sufficient, which avers that the defendant agreed in writing to pay a commission of five per cent of the selling price, if the plaintiff furnished him with a buyer for his property; that in addition to the writing there was a verbal agreement made at the same time that the plaintiff was only to receive his commissions in the event of the buyer making final settlement, the same to be paid out of the moneys paid by the purchaser to the defendant; and that the purchaser whom the plaintiff had produced had refused to make final settlement, leaving the property still in the ownership of the defendant.

Argued Oct. 10, 1911. Appeal, No. 78, Oct. T., 1911, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1910, No. 5,416, discharging rule for judgment for want of a sufficient affidavit of defense in case of David Lowenstein v. William McPeak. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover commissions on sale of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Joseph H. Sundheim*, of *Berheimer & Sundheim*, for appellant, cited: American Home Saving Bank Co. v. Trust Co., 210 Pa. 320; Restein v. McCadden, 166 Pa. 340; Hipple v. Laird, 189 Pa. 472.

*Joseph Singer*, for appellee, cited: Schurr v. Warnick, 11 Pa. Dist. Rep. 1; Brennan v. Perry, 7 Phila. 242; Earp v. Cummins, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308; Peirce v. Truitt, 21 W. N. C. 569; Stevenson v. Bannan, 227 Pa. 498; Thompson Co. v. Goldman, 41 Pa. Superior Ct. 209; Barber v. Miller, 41 Pa. Superior Ct. 442; Turner v. Baker, 225 Pa. 359.

OPINION BY ORLADY, J., November 13, 1911:

This action was brought to recover a broker's commission for the sale of a licensed saloon. The court below discharged a rule for judgment for want of a sufficient affidavit of defense. On October 3, 1910, the parties executed the following agreement in writing: "If David Lowenstein furnishes me with a buyer for my saloon on 3rd and Tioga Sts., I agree to pay him a commission of 5 per cent out of the sale price." Signed William McPeak. The defendant avers in his affidavit and in addition to the above written agreement there was a verbal understanding between the defendant and the agent of the plaintiff, as follows: that the plaintiff was to receive his commission only in the event of the buyer, to be produced by the plaintiff, making final settlement with the defendant, and the commission referred to was to be paid by the defendant in the final settlement between the defendant and the plaintiff's

purchaser, out of the money paid by the purchaser to the defendant.

The plaintiff produced one Myers who entered into an agreement with the defendant, by which Myers was to purchase the licensed saloon for the sum of $14,000, and he then paid in cash $500 on account of the price. The license court consented to the transfer of the McPeak license to Myers, but the transaction ended at that stage. Myers refused to make à settlement, and frankly declared his inability to do so, so that the license remained in the name of McPeak, who continued to operate his saloon under it. The reason given by Myers was that he could not secure the money, and the plaintiff promised the defendant "that he would endeavor to get him another purchaser for the place, as he could not secure the necessary cash for Myers on account of his, Myers, reputation." These facts are set out clearly in the affidavit of defense and fully warranted the court below in refusing to enter a summary judgment. The facts as stated are to be taken as true and the intimate relation between the written and oral branches of the contract make them integral parts of one transaction.

It is clearly alleged that they were made at the same time, and each part is so indelibly associated with and relates to the other, that the oral promise must be treated as contemporaneously made, and as inducing the conclusion reached by the parties. They, however, so understood it, for when Myers failed to make final settlement, Lowenstein endeavored to find another purchaser in his place. The buyer was not furnished as provided in the writing, and the sale price was never realized, so that there was nothing on which to found a commission.

It is good faith in making and closing a transaction of this kind that the law intends to reward, and it is always incumbent upon a broker seeking to recover his commission to prove that the sale was made to a party whom he secured as purchaser, or that the purchaser was able and willing to buy and that the failure to make the actual sale

was through no fault of the broker or his customer. Unless he accomplishes the object of his employment he is not entitled to his commission: Kifer v. Yoder, 198 Pa. 308; Stevenson v. Bannan, 227 Pa. 498; Thompson v. Goldman, 41 Pa. Superior Ct. 209; Barber v. Millar, 41 Pa. Superior Ct. 442.

The judgment is affirmed.