## Stevenson *v.* Bannan, Appellant.

*Principal and agent—Real estate broker—Commissions—Procuring a purchaser.*

1. A real estate broker who seeks to recover a commission must prove either that a sale was made to the party whom he procured as a purchaser, or that the purchaser was able and willing to buy, and the failure to make an actual sale was through no fault of the broker or his customer.

2. A broker is not entitled to commissions where he is unable to show anything more than negotiations which never ripened into a purchase, or an agreement to purchase, or even an intention to buy upon any definite fixed terms.

Argued Feb. 14, 1912. Appeal No. 17, Jan. T., 1912, by defendant from judgment of C. P. Schuylkill Co., March T., 1909, No. 197, on verdict for plaintiff in case of J. G. Stevenson v. Francis B. Bannan, Executors of the Estate of John Bannan, deceased. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit by a real estate broker to recover commissions.

The opinion of the Supreme Court states the case.

Defendant presented the following points:

"1. That the plaintiff failed to prove that he had procured a purchaser who stood ready, able and willing to buy the property concerned in this suit, in order that the partition proceedings might be carried to their final consummation, and therefore the verdict of the jury must be for the defendant.

"*Answer.*—We decline to affirm this point, but leave the question entirely to this jury as to the fact as to purchaser, etc." (4)

"2. That under all the evidence in the case the plaintiff failed to prove that George M. Watson of Scranton whether the plaintiff proved that he had procured a

was the person whom he procured as a purchaser for said property, and that he stood ready, able and willing to buy the same in order that the partition proceedings might be carried to their final consummation, and therefore the verdict must be for the defendant.

"*Answer.*—We decline to affirm that for the same reasons as stated before and as stated in our general charge. It involves a question of fact that I will leave to this jury, and we will not take it from them to traverse the facts."　(5)

"4. Under all the evidence in the case, the verdict must be for the defendant.

"*Answer.*—We decline to affirm that."　(6)

"Mr. Roads asks the Court to direct a verdict in favor of the defendant."

"The Court: The evidence is in Mr. Stevenson and —he said that he had a party ready to bid; but in what capacity he was going to bid is in doubt, and that part we are going to leave to the jury. We are going to leave that whole matter to the jury. We therefore adhere to our position and decline to direct this jury to render a verdict in favor of the defendant."　**(7)**

Verdict and judgment for plaintiff for $4,522. Defendant appealed.

*Errors assigned,* among others, was (4—7) above instructions quoting them.

*George M. Roads,* for appellant, cited: Hyatt v. Johnston, 91 Pa. 196; Bradly v. Potts, 155 Pa. 418; McKnight v. Bell, 135 Pa. 358.

*George W. Dyson* and *William Wilhelm,* for appellee.

Opinion by Mr. Justice Elkin, March 18, 1912:
When this case was here before on an appeal from

an order discharging the rule for judgment for want of a sufficient affidavit of defense, it was decided "that it was the intention of the parties that the plaintiff should procure a buyer, not that he should be paid a commission in any event:" Stevenson v. Bannan, 227 Pa. 498. The order discharging the rule for judgment was affirmed here for the reasons stated in the opinion of the learned court below. One of the reasons then stated by the court below for refusing judgment, was: "We do not construe this agreement to mean that the plaintiff shall do nothing, but that his compensation of ten per centum hinges upon the fact of his procuring a purchaser who is ready, able and willing to buy the land in question, providing it is offered for sale." It will thus be seen that the court below and here construed the agreement to mean that the plaintiff was required to produce a purchaser, ready, able and willing to buy in order to sustain his action for commissions. The case was then sent back for trial and the controlling question raised in the present appeal is whether the evidence offered by plaintiff is sufficient to meet the requirements of the rule above stated. A broker who seeks to recover a commission must prove either that a sale was made to the party whom he procured as a purchaser, or that the purchaser was able and willing to buy, and the failure to make an actual sale was through no fault of the broker or his customer: Kifer v. Yoder, 198 Pa. 308. In the present case it is a conceded fact that the broker did not procure the purchaser of the property, and his right to recover must depend solely and alone upon the fact whether he had procured a prospective purchaser able and willing to buy. In his amended statement the plaintiff averred that he stood ready at all times to perform his contract and that he had procured a purchaser ready, able and willing to buy the property. In his bill of particulars he named G. M. Watson as the prospective buyer and the case went to trial upon the pleadings thus made up. Watson,

called as a witness for the plaintiff, was asked if he had at any time agreed to buy the property, and answered in the negative. He testified in part as follows: "Q. You did not say you would buy it at any time, did you? A. No. Q. Are you quite clear about that? A. I did not tell you that I would buy that property; I never told you that. Q. Nor Mr. Bannan? A. No, sir; I never told him. Q. And you were acting as agent for others? A. Yes, sir; I did not disclose the fact." It thus appears from the testimony offered by the plaintiff that Watson in his own right was not even considering a purchase of the property and he never said to anyone that he would purchase it at any price. Even if we should consider the pleadings sufficient to justify an offer that Watson was acting as agent for others, and this would be giving a latitude not to be commended in practice, the evidence is not sufficient to establish an agency binding upon the principals. Indeed, as we read the testimony the relation of principal and agent did not exist between the parties. Watson simply called the property to the attention of several parties whom he assumed might consider such a purchase. He was not the agent of these parties in any proper legal sense and there is nothing in the record to show anything more than negotiations which never ripened into a purchase, or an agreement to purchase, or even an intention to buy upon any definite fixed terms. Indeed, neither Stevenson nor Bannan knew anything about the so-called principals, or that they were even considering a possible purchase of the property. No price was agreed upon, no terms were specified, and no agreement to purchase was ever made. Certainly, under these circumstances it cannot be said that a purchaser ready, able and willing to buy was procured. We have no doubt that Stevenson acted in entire good faith and stood ready as he avers to perform his part of the contract, but this is not sufficient to sustain a recovery. He must

in addition show that his efforts resulted in procuring a purchaser and this he failed to do.

Judgment reversed.