## Barrow, Appellant, *v.* Newton.

*Evidence—Letter—Undisputed fact.*

1. A judgment should not be reversed because of the exclusion of a letter which was competent evidence, where the fact set forth in the letter is not in dispute.

2. In an action to recover commissions for the sale of real estate, letters written after the sale of the property and containing declarations of the plaintiff in his own behalf are properly excluded where it appears that the defendant did not answer them, and was under no duty to answer them.

*Principal and agent—Real estate broker—Commissions.*

3. A real estate agent does not earn his commission by submitting to the owner of the property a proposition from one with whom the owner had already been negotiating, unless it is by reason of the intervention of the agent that the purchaser is ultimately induced to buy the property.

Argued Oct. 7, 1913. Appeal, No. 294, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1907, No. 3,102, on verdict for defendant in case of W. Bruce Barrow v. Mahlon W. Newton. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover $1,050 for commissions on sale of real estate. Before STAPLES, P. J., specially presiding.

At the trial it appeared that on October 5, 1907,

the defendant N. W. Newton wrote to W. Bruce Barrow as follows: "We have sold the Caffrey Carriage Factory in Camden to the Excelsior Drum Works. Will you please remove your sign from the same, and oblige yours, etc." Subsequently the plaintiff wrote to the defendant the following letters, all of which were excluded.

"October 8, 1907.

"Mr. Mahlon W. Newton,
 "8th & Chestnut Sts., Phila., Pa.
"Dear Sir:

"I have your favor of the 5th inst., and am pleased to learn that the Excelsior Drum Works, Mr. Soistman, who we referred to you, has agreed to purchase your property at 10th & Market Streets, Camden, N. J.

"Hoping to be able to serve you in the future in as satisfactory a manner, I am,
                 "Very truly yours,
                   "W. Bruce Barrow, Agt.,
"WBB/E                                     Per  "

"October 8, 1907.

"Mr. Mahlon W. Newton,
 "8th & Chestnut Sts., Phila., Pa.
"Dear Sir:

"Would you object to my placing a sign upon the premises 10th & Market Streets, saying, 'Sold by W. Bruce Barrow,' leaving the same thereon until such time as the settlement takes place?
               "Very truly yours,
                 "W. Bruce Barrow, Agt.,
"WBB/E                                    "Per"

"Nov. 26, 1907.

"Mr. Mahon W. Newton,
 "8th & Chestnut Sts., Phila., Pa.
"Dear Sir:

"Can you conveniently give me your check for commission due in re sale of Camden mill? I have to pay

another party part of this commission, and he is continually dunning me for it.

"Trusting that you may be able to do this, I am,
          "Very truly yours,
                    "W. Bruce Barrow, Agt.,
                              "Per"

                              "Dec. 2, 1907.

"Mr. Mahlon W. Newton,
  "8th & Chestnut Sts., Phila., Pa.
"Dear Sir:
  "I again send you my bill for the commission of $1,050, for the sale of the Caffrey Carriage Works, 10th & Market Sts., Camden, N. J., according to our agreement. I feel that this matter has entirely slipped your mind, as we have had your assurance several times that you would send it. I trust therefore that you will not lay this letter down until you have placed the check in the envelope and mailed it to me. All commissions are due on the day of the settlement, legally.

  "Awaiting your very prompt reply, as the money is very much needed at this time, I am,
          "Very truly yours,
                    "W. Bruce Barrow, Agt.,
"WBB/E                    "Per W. B. B."

Defendant presented this point:

2. A real estate agent does not earn his commission by submitting to the owner of the property a proposition from one with whom the owner had already been negotiating unless it was by reason of the intervention of the agent that the purchaser was ultimately induced to buy the property, and to reach this conclusion in this case, you must find that notwithstanding that the defendant first negotiated with the purchaser, he was unable to consummate the transaction without the services of the broker. In other words, you must find, before you render a verdict for the plaintiff in this case, that the plaintiff broker was the immediate, efficient and pro-

curing cause of the resulting sale. Unless you so find, the plaintiff is not entitled to a verdict.

The Court: That point is affirmed. [5]

3. If you believe that the sale of the defendant's property was not made through the agency of the plaintiff and that the sale was effected by the defendant himself, or by another agent, then your verdict must be for the defendant.

The Court: We affirm that point with the qualification that if you believe from the weight of all the evidence in the case that the sale of the defendant's property was not made through any agent of the plaintiff and that the sale was effected by the defendant himself or by another agent. [6]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions; (5, 6) above instructions, quoting them.

*F. S. Laws*, of *Lewis, Adler & Laws*, for appellant.— All the letters constituting the correspondence of the parties relating to the matter in question are admissible: Glatfelter v. Mendels, 46 Pa. Superior Ct. 562; Derrickson v. Cady, 7 Pa. 27; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Crossgrove v. Himmelrich, 54 Pa. 203; Holler v. Weiner, 15 Pa. 242.

*Chas. Wesley*, of *Tustin & Wesley*, for appellee.

OPINION BY PORTER, J., December 8, 1913:

The plaintiff brought this action to recover commissions alleged to have been earned in a sale of certain real estate of the defendant. The trial resulted in a verdict and judgment in favor of the defendant and the plaintiff appeals. The first four specifications of error refer to rulings of the court sustaining objections to the

admission in evidence of certain letters written by the plaintiff to the defendant, after the property had been sold and the transaction closed. There was no dispute that the defendant had entered into a contract with the plaintiff, who was a real estate broker, to pay him a commission in case he obtained a purchaser for the property. The defendant, on October 5, 1907, wrote a letter to the plaintiff advising him that the property had been sold to the Excelsior Drum Works, which letter was produced and offered in evidence by the plaintiff, and was admitted without objection. The plaintiff then offered in evidence a letter written by him to the defendant, on October 8, 1907, and the court sustained an objection to the admission of that letter, upon the ground that it was written after the transaction was closed and contained self-serving statements. This letter might properly have been admitted upon the ground that it was a reply to the letter of October 5, written by the defendant, but its exclusion worked no injury to plaintiff's cause. All that can be said for that letter is that it constituted an assertion by the plaintiff, after the transaction had been closed, that his efforts had been the procuring cause of the sale to the Excelsior Drum Works. If there had been any suggestion that the claim of the plaintiff was an afterthought and that there had been undue delay in the assertion of his right to compensation there might have been some merit in this specification of error. That this plaintiff had promptly asserted the right to be paid a commission upon the sale was accepted in the case as an undisputed fact, and the court admitted in evidence a bill for the commissions which he presented to the defendant on October 15, 1907. The fact of which the letter would have been competent evidence not having been in dispute, the judgment should not be reversed because of the exclusion of the letter.

The letters to which the second, third and fourth specifications of error refer were properly excluded.

These letters were written after the sale of the property had been closed, the defendant did not answer them and he was in this case under no duty to answer them. This was not a case in which the plaintiff was required to show either notice or demand. These letters were declarations of the plaintiff in his own behalf, as to a transaction entirely past and closed, and there being no duty upon the defendant to reply it cannot be said that his failure to do so was an admission of the truth of the statements in the letters contained: Dempsey v. Dobson, 174 Pa. 122; Allen v. Peters, 4 Philadelphia, 78; Bush v. Ferry, 7 Philadelphia, 195; Gearhart v. Gwinn, 32 Pa. Superior Ct. 567.

The question upon which, under the evidence, the right of the plaintiff to recover turned, was not merely whether the property had been sold, but was the agency of the plaintiff the immediate and efficient cause of the sale? A number of witnesses testified at the trial that the representative of the Excelsior Drum Works, the purchaser, had been introduced to the defendant by another real estate agent some months before this plaintiff had become an agent for the sale of the property, and that the negotiations thus begun had been continued down until the time of the sale. The defendant testified that he had paid a commission to the real estate agent who thus introduced the party who became the purchaser. The purchaser testified that neither this plaintiff nor any of his agents had anything to do with bringing about the sale. The court fairly reviewed the testimony and submitted to the jury the determination of the question, saying: "You will take all those facts into consideration and you will also take into consideration all the facts that the court has overlooked in his charge, because you twelve men are better able to remember all that took place, and if you find that the plaintiff's contention is true and that the sale was made through his instrumentality and by his efforts, then we say to you your verdict should be for the plaintiff." The court

affirmed the following point submitted by the defendant: "A real estate agent does not earn his commission by submitting to the owner of the property a proposition from one with whom the owner had already been negotiating unless it was by reason of the intervention of the agent that the purchaser was ultimately induced to buy the property, and to reach this conclusion in this case you must find that notwithstanding that the defendant first negotiated with the purchaser, he was unable to consummate the transaction without the services of the broker. In other words, you must find, before you render a verdict for the plaintiff in this case, that the plaintiff broker was the immediate, efficient and procuring cause of the resulting sale. Unless you so find, the plaintiff is not entitled to a verdict." The affirmance of this point is referred to by the fifth specification of error. The appellant does not complain that this is not a correct statement of the law, but asserts that it assumed as a fact that the defendant had been negotiating with the purchaser before the plaintiff became an agent for the sale of the property. We are not convinced that the assumption of that fact was erroneous, in view of the pleadings and evidence. The letter of the defendant upon which any claim of the plaintiff for compensation was founded contained this express notice that he was then engaged in negotiating with a prospective purchaser: "I have one or two parties looking at the property now, but do not know whether anything will come out of it or not." The plaintiff had himself introduced this letter in evidence, as constituting the contract of his employment The defendant and two other witnesses, at least one of them disinterested, testified, that at the date of that letter and prior thereto, the defendant was negotiating with the officers of the Excelsior Drum Works, who subsequently became the purchaser. This evidence was entirely uncontradicted and unimpeached, and was not at variance with any proof or admitted facts or with

ordinary experience, and, having come from witnesses whose candor there was no ground for doubting, the jury ought not to have been permitted to indulge in a capricious disbelief of their testimony: Walters v. American Bridge Co., 234 Pa. 7. The fifth specification of error is dismissed. The burden was upon the plaintiff to establish by the weight of the testimony that his agency was the procuring and efficient cause of the sale of the property, and the remaining specifications of error are without merit.

The judgment is affirmed.