# Curatolo, Appellant, *v.* Venafrana Beneficial Society St. Nicandro of Philadelphia.

*Brokers—Real estate broker—Commissions.*

A real estate broker is not entitled to commissions on a sale of real estate, where it appears that the sale was made six months after he had ceased to be an agent for the sale, and he fails to show that his efforts were the immediate, efficient and procuring cause of the sale.

Argued Oct. 17, 1918. Appeal, No. 29, Oct. T., 1918, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1916, No. 462, for defendant n. o. v. in case of James Curatolo v. Venafrana Beneficial Society St. Nicandro of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for commissions on sale of real estate.

McMICHAEL, P. J., filed the following opinion:

This is a rule for judgment for defendant non obstante veredicto.

At the trial of this case there was a point for charge presented on behalf of the defendant as follows: "Under all the evidence your verdict must be for the defendant." This point was declined by the trial judge; but after a consideration of the evidence we have come to the conclusion that the point should have been affirmed,

and that now judgment should be entered for the defendant non obstante veredicto.

James Curatolo, the plaintiff, sued the defendant to recover for a commission of $375, for a sale of real estate belonging to the defendant society, to Mr. Samuel Fleisher. The plaintiff, being a licensed real estate broker, was employed by the defendant to sell real estate situated at 715-17-19 Catharine street, which belonged to the defendant. The plaintiff brought Fleisher and the president of, and a committee acting for defendant society, together. Mr. Fleisher offered to give sixteen thousand dollars for the property. This offer was refused by the defendant. The refusal by the defendant to sell at the price Mr. Fleisher offered took place in July or August of 1914. Afterwards, according to the testimony of the plaintiff himself, the defendant society rented the premises to Mr. Fleisher, first for two years and then before the two years expired they sold the place to Mr. Fleisher for $17,000. The lease of the premises to Fleisher was negotiated by another agent and the sale was made by another agent. The property was sold to Mr. Fleisher February 21, 1916. The testimony was voluminous, but we think the facts stated above are undisputed.

We think that this case is ruled by the very recent case of Young v. Dempsey, 67 Pa. Superior Ct. 534 (Advance Reports of November 23, 1917). In that case ORLADY, P. J., delivering the opinion of the court July 13, 1917, used the following language (page 537) : "The plaintiff's connection with the transfer to Steele was too remote and speculative to warrant a verdict in his favor for a commission in that transaction. The burden was upon him to show, and he failed to sustain it, that his efforts were the immediate, efficient and procuring cause of the exchange of the property." Citing with appreciation the case of Barrow v. Newton, 48 Pa. Superior Ct. 382, in which case PORTER, J., said : "His (the broker's) agency was not the immediate and efficient cause of the sale, and the law regards only proximate and not remote causes."

544 CURATOLO, Appellant, *v.* VENAFRANA BEN. SOC.

Opinion of Court below—Opinion of the Court. [70 Pa. Superior Ct.

In the case at bar we think the evidence of the plaintiff clearly shows that after July 27, 1914, the plaintiff ceased to be the agent for the defendant, and that when the property was finally sold to Mr. Fleisher in February, 1916, the efforts of the plaintiff were not the "immediate, efficient and procuring cause" of the sale of the property.

For the above reasons, the rule is made absolute and judgment is now entered for the defendant non obstante veredicto.

*Error assigned* was the judgment of the court.

*John J. Elcock,* for appellant.

*William Brown, Jr.,* for appellee.

PER CURIAM, December 12, 1918:

The plaintiff recovered a verdict, and after a hearing on a motion for judgment non obstante veredicto the judgment was entered in favor of the defendant. A careful examination of the testimony has convinced us that the case falls within the ruling of Earp v. Cummings, 54 Pa. 394, which has been followed in many cases in the Supreme, and in this court: Kifer v. Yoder, 198 Pa. 308; Speer v. Benedum Trees Oil Co., 239 Pa. 180; Groskin v. Moore, 249 Pa. 242; Barker v. Miller, 41 Pa. Superior Ct. 442, and cases noted in the opinion filed in the court below.

The conclusion reached by the trial judge in disposing of the motion is sustained by the authorities on which he relied.

The judgment is affirmed.