## Martin v. Gelbach et al., Appellants.

*Sales—Real estate—Broker—Commissions—Procuring cause of sale—Failure to consummate.*

In an action of assumpsit to recover a commission for the sale of real estate, it appeared from the evidence that the broker was hired to complete a sale to a prospective purchaser whom defendants knew was interested in their property. The broker wrote a letter to the purchaser naming a price, and the purchaser expressed his willingness to buy at that price on condition that the lessee in possession would surrender his lease at once. Plaintiff himself testified that defendants carried on all subsequent negotiations, which after some time terminated in a sale.

In such case the sale was not the result of plaintiff's efforts and judgment for defendant will be sustained.

An agent who negotiates with one who the owner knew was desirous of purchasing the property must in order to recover commissions, show that he was the immediate efficient and procuring cause of the sale.

When the plaintiff did not discover the purchaser and did not carry on the negotiations which finally resulted in the sale he was not entitled to commissions.

Argued April 12, 1928. Appeal No. 417, April T., 1928, by defendants from judgment of C. P., Beaver

County, No. 536, September T., 1926, in the case of
W. H. Martin v. Loring L. Gelbach, Harry E. Fisher
and Thomas A. Daley, etc. Before PORTER, P. J.,
HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and
CUNNINGHAM, JJ. Reversed.

Assumpsit to recover broker's commission. Before
McConnel, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $2,041.66⅔, and
judgment thereon. Defendant appealed.

*Error assigned* was the judgment of the court.

*Thompson Bradshaw,* and with him *Raymond R.
Goehring,* for appellant.

*John A. Elliott,* and with him *J. Wilmer Martin,*
for appellee.

OPINION BY TREXLER, J., July 12, 1928:

This is an action brought by a broker to recover
a commission for the sale of real estate. The case
was tried by jury and resulted in a verdict for the
plaintiff. A motion for judgment n. o. v. was made
which motion was refused and judgment was entered
on the verdict. From the refusal to enter judgment
for the defendants, this appeal is taken.

Plaintiff was interested in the sale of several ad-
joining premises in the Borough of Beaver. Defend-
ants occupied one of the buildings, conducted a busi-
ness therein, and desired to purchase it. Plaintiff told
defendants that the owner would only sell the entire
property, and as an inducement, stated to them that
the F. W. Woolworth Company was in the market
for one of the properties. Defendants wrote to the
Woolworth Company and confirmed this statement.

They, thereupon, bought the property and paid the plaintiff a commission on the purchase. This was in March, 1924.

The defendants then opened negotiations with the Woolworth Company and informed the company that the property was in the market and that Martin was their agent. They turned over their correspondence with Woolworth relating to the sale and fixed a price of $80,000. The property was occupied by a tenant, Butler, who was there under a lease which had three years to run. Plaintiff wrote to the Woolworth Company and without defendants' knowledge, stated a price of $90,000, ten thousand in excess of what they had asked. The Woolworth Company expressed a willingness to pay that price if the Butler lease was surrendered. Plaintiff then called on Daley, one of the defendants, and without disclosing the fact of the increase in price, he had made, asked him if he had any objection to his earning an additional fee. Daley replied that they would have no objection if it did not spoil the sale. Whereupon, plaintiff said, "All right, I have sold it for $90,000." At that time the property was not sold. Plaintiff testified at the trial, "I did not have anything to do at all with the negotiations later than that." The Woolworth Company declined to regard it as a completed sale and would make no agreement or pay anything on account. It was merely a tentative offer conditioned upon immediate possession. All further negotiations were carried on by the defendants. The tenant, Butler, refused to surrender his possession or treat for the sale of the lease. This was in April, 1924. Butler remained obdurate. The Woolworth Company, five months later, renewed the lease for their old quarters. Then their agent got an option on the Butler store lease which was not satisfactory to the Company and was rejected. Negotiations were then dropped and nothing new happened until July, 1925, when a thirty year

lease instead of a sale was considered. The negotiations were again taken up by the defendants and finally in October 20, 1925, the Company bought the property at $90,000 and paid $20,000 to Butler for the lease.

During all the time plaintiff did nothing, except to ask defendants how the deal was coming on. He did not participate in closing the deal and knew nothing about it. He sued for $14,000; $10,000 for the excess over $80,000 and $4,000 as a commission of 5% on $80,000. The court threw out the claim for $10,000, but permitted recovery on the theory of his having produced a customer.

The plaintiff was hired for the special purpose of completing the sale to the Woolworth Company,—not in finding the customer, but in bringing it to terms and closing the transaction. The plaintiff's theory apparently was that although the Woolworth Company figured in the original transaction for which he received a commission, he still could claim for finding Woolworth as a buyer. His testimony is to that effect: "Q. If I understand you correctly, then, you are bringing your suit and laying your claim here now to recover from these defendants for a commission in having found a buyer for this property? A. Yes, sir. Q. You make no claim and you do not understand that your employment was to conclude or consummate the negotiations between the defendants, as owners, and the Woolworth Company? A. No. sir. ...... Q. Then, Mr. Martin, you agree with me that you would not be entitled and would not claim any commission in the matter of this sale unless you personally negotiated the sale to Woolworth; is that correct? A. That is correct. Q. Unless you personally brought Woolworth to the point of agreeing to buy at the price as stated, absolutely; is that correct? A. That is correct."

The obtaining of an offer of $90,000, including pos-

session, amounted to nothing. The court in its charge to the jury, stated, "Mr. Morganstern had no authority for the principal (the Woolworth Company) to offer more than $90,000 including the lease, so that no final terms were agreed upon at that time." As above stated, the plaintiff thought when he got the offer of $90,000 for the property if possession could be obtained, he had, as he states, done his part. He admits that the Woolworth Company was not committed to the purchase of the property, but notwithstanding, he felt that he was through. This appears strange, in view of the fact that the defendants in a letter sent to the Woolworth Company and of which letter plaintiff received a copy which was produced as part of his proof at the trial, referred to the lease with Butler and stated that all further negotiations should be had through Mr. Martin. Complying with this, the plaintiff called on Butler and procured a copy of the lease and forwarded it to Woolworth and evidently was then of the opinion that it was incumbent upon him to bring the matter of obtaining possession to a close. He did nothing further and eighteen months later, the sale was consummated without his assistance. He stood by and let others do what he was unwilling or unable to do and when after various negotiations in which the terms of sale were changed several times, the deal was closed with $90,000 to the owners for the property and $20,000 to Butler for his lease, he asked for commissions. We think the evidence discloses without question that he had a special contract which he was required to perform, that he misconceived his duty in the premises and abandoned his job and thus deprived himself of any compensation.

When the plaintiff negotiated with one who the owner already knew was desirous of purchasing the property, the agent must show that he was the "immediate, efficient and procuring cause of the resulting

sale.'' Earp v. Cummins, 54 Pa. 394; Barrow v. Newton, 55 Pa. Superior Ct. 387, 393. See also, Thompson v. Goldman, 41 Pa. Superior Ct. 209; s. c. 51 Pa. Superior Ct. 632; Curatolo v. Venafrana Ben. Soc., 70 Pa. Superior Ct. 542; Read v. Ely, 252 Pa. 49. The agent must consummate the sale. Speer v. Benedum-Trees Oil Company, 239 Pa. 180.

Plaintiff has the burden of proof and it is incumbent upon him to show that his efforts were the immediate, efficient and procuring cause of the sale. Curatolo v. Vanafrana Ben. Soc., supra. It being apparent that he did not procure the customer in the first instance, when he failed to pursue the negotiations and ceased to interest himself any further in the matter, he could not recover commissions.

The judgment is reversed and is now entered for the defendants.