## Krewson *v.* Fisher, Appellant.

*Agents—Real estate agents—Oral authority to sell property— Commissions — Failure of principal to ratify .sale — Judgment against agent—Failure to deliver—Liability of principal for amount of judgment—Agent's responsibility for his own tort.*

A real estate agent, who, having only oral authority to sell real estate, executed articles of agreement for the sale thereof; cannot recover from the owner who refused to convey the property the amount of a judgment against the agent in an action by the vendee for failure to convey.

The effect of the oral authority was limited by the Statute of Frauds (21st of March, 1772, 1 Sm. L. 389) to procuring a prospective purchaser, leaving it to the owner to sign the agreement of sale. The agent's false representation that his authority was otherwise was a tort for which he alone was responsible.

Argued March 15, 1922. ˏ Appeal, No. 9, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, Sept. T., 1919, No. 415, in favor of plaintiff ·in the case tried by the court, without a jury in suit of George Krewson v. Jennie Fisher. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Reversed and modified.

Assumpsit for commissions for the sale of real estate. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff for $315.08.   Defendant appealed.

*Errors assigned,* among others, were in admitting evidence of the amount of a judgment paid in a suit brought against the present plaintiff, on a cause of action alleged to have resulted from the agency, and the judgment of the court.

*Lorenzo D. Bulette,* for appellant.

*Vincent D. Nicholson,* and with him *Taylor, Robey & Hoar,* for appellee.

OPINION BY LINN, J., April 17, 1922:

The plaintiff, a real estate broker, sued to recover a total of three items: (1) commissions earned by finding a purchaser for defendant's property; (2) the amount of a judgment paid in a suit brought against the present plaintiff by one O'Neill on a cause of action alleged to have resulted from the agency; (3) counsel fees and costs paid in defending that suit.

The parties waived a jury trial. The trial judge entered judgment for plaintiff for the full amount, but without otherwise stating separately any findings of fact or law.

As there is evidence to sustain the finding that plaintiff procured a purchaser as requested by defendant, he is entitled to his commissions of $84.

Appellant objected at the trial to receiving in evidence the judgment obtained against appellee, Krewson, in a suit brought against him by O'Neill, and to the evidence of payment of counsel fees and costs in that suit, but the court overruled her objection. She excepted, and now presents the matter for review.

It appears that appellant orally instructed plaintiff to sell certain real estate for $4,200, and that plaintiff,

without written authority so to do, executed and delivered a written agreement with one O'Neill agreeing to sell the real estate to O'Neill for $4,200, and received $100 on account. On the same day appellant refused to ratify the agreement so executed by Krewson, having meanwhile sold the property to another purchaser. Plaintiff returned to O'Neill the $100 received on account. O'Neill brought suit against Krewson, the present appellee, for $200 damages alleged to have been sustained by him for the loss of his bargain by reason of Krewson's false representations that he was lawfully authorized by Mrs. Fisher, the appellant, to execute and deliver the agreement of sale. In that suit O'Neill obtained judgment for $200 which, it is said, Krewson has paid. The court below received the record of that judgment to show Mrs. Fisher's liability to plaintiff in the present suit, and also permitted appellee to show what he paid as counsel fees and costs therein.

Appellant contends here that the court erred in receiving the evidence; that the statute of frauds prevented her agent's making a written agreement enforceable against her to sell the property to O'Neill; that he was not "thereunto lawfully authorized by writing" (21st of March, 1772, 1 Sm. L. 389). There is no evidence of estoppel. It is therefore obvious that the agent Krewson did what he had no authority from Mrs. Fisher to do, when he signed the writing with O'Neill, because he knew the statute limited the effect of his oral authority to procuring a prospective purchaser, leaving it to Mrs. Fisher to sign the agreement. His false representation that his authority was otherwise was a tort for which he alone was responsible. Why should Mrs. Fisher now pay to him money which he is alleged to have paid to redress the wrong caused by his false representations? On behalf of appellee it is suggested that such recovery should be permitted because he "was forced to pay on account of the agency and because of his principal's refusal to confirm the sale." But it is obvious that the

Opinion of the Court.    [78 Pa. Superior Ct.

payment was not "on account of the agency" but resulted from wilful disregard of its express terms, actual and apparent; and it is equally clear that the "principal's refusal to confirm the sale" is a breach of his contract with Mrs. Fisher merely rendering her liable to pay his commission which we have held he may recover. The authorities cited for appellee supporting the proposition that damages sustained by an agent in the faithful performance of an agency may be recovered from his principal have no application to the facts before us,—to the agent's wilful disregard of the actual and apparent limits of his authority. Having reached that conclusion it is unnecessary to consider the objection that she was not bound by the judgment because not tendered the opportunity to defend the suit.

The assignments of error to the admission of the evidence in question are sustained and the judgment is now reduced to the sum of $84.