## Weller *v.* Hochman, Appellant.

*Real estate—Sales—Brokers commissions.*

A real estate broker has earned his commissions, when he produces a purchaser who is willing and able to buy the property at the price and terms fixed by the owner.  It is not material that the negotiations are concluded directly with the owner.

In an action to recover commissions, earned in the sale of real estate, a verdict for the plaintiff will be sustained, where it appeared that the plaintiff was given a month in which to make a sale of the property, and that before the expiration thereof, the defendant sold it to a purchaser, with whom the plaintiff had been negotiating.

Submitted March 15, 1923.  Appeal, No. 61, Oct. T., 1923, by defendant, from judgment of C. P. Northampton County, Feb. T., 1921, No. 102, on verdict for plaintiff in the case of George M. Weller v. I. B. Hochman.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit for commissions on the sale of real estate.  Before McKEEN, J.

The facts are stated in the opinion of the Superior Court.

58, (1923).]          Verdict—Opinion of the Court.

Verdict for plaintiff in the sum of $890.40 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court and refusal to direct a verdict in favor of the defendant.

*Smith, Paff & Laub,* for appellant.

*Aaron Goldsmith,* for appellee.

OPINION BY GAWTHROP, J., April 26, 1923:

This suit is for commission on sale of real estate. Defendant was the owner of premises in the City of Easton and, in the month of October, 1920, orally agreed to pay plaintiff, a licensed real estate broker, three per cent of the selling price to procure a purchaser for the property. Plaintiff entered into negotiations with a Mr. Picone and secured from him an offer to pay $27,000 for the property, and reported the fact to defendant, who stated to plaintiff that if Picone would make a deposit during the month of November, and pay four or five thousand dollars before the first of July, 1920, that would be satisfactory. Plaintiff reported this to Picone, who said that he was satisfied with the arrangement. On November 20th defendant notified plaintiff that if Picone did not pay the $500, down money, by four o'clock of that day, he would "call the deal off." Plaintiff was unable to see Picone on that day and defendant thereupon notified plaintiff that the property was withdrawn from his hands. On November 26, 1920, defendant, who had taken up the business of real estate broker, sold the property to Picone for $26,500. Defendant admitted that, at the time he withdrew the property from plaintiff's hands, he knew that plaintiff was negotiating with Picone. Defendant contends that plaintiff agreed to and accepted the termination of the agency. The answer to this is that there was evidence to sustain a finding to the con-

Opinion of the Court.    [81 Pa. Superior Ct.

trary.   That controlling question was one of fact which the jury resolved in favor of plaintiff.

The only errors assigned on this appeal by defendant are, that the court erred in his charge to the jury and in declining to direct a verdict for him or to enter judgment in his favor.   We have examined the charge and find that it is fully supported by the decisions of the Supreme Court and this court upon the questions involved.   Plaintiff's employment by defendant and his procuring a purchaser satisfactory to defendant was admitted.   The verdict establishes that plaintiff had the entire month of November to secure the deposit of $500, that he did not agree to a termination of his contract with defendant and that his efforts were the efficient and procuring cause of the sale.   An agent has earned his commission when he produces a purchaser who is able and willing to buy the property at the price and terms fixed by the owner.   See Sowney v. Bair, 269 Pa. 448, and cases therein cited.   It is not material that the negotiations are concluded directly with the owner: Cain v. Werner, 67 Pa. Superior Court 438.   The case was for the jury and, on the facts which the verdict establishes, plaintiff was entitled to recover.

The assignments of error are overruled, and the judgment is affirmed.