## Jackson Company v. Casey, Appellant.

*Brokers—Real estate brokers—Suit for commission—Purchaser obtained by broker—Refusal of owner to complete sale.*

In an action by a real estate broker for a commission, judgment for the plaintiff will be sustained, where it appeared that defendant authorized plaintiff to procure a purchaser; that plaintiff's agent told defendant that he was about to undertake to close a deal with a person named, to which proposition the defendant assented; that the same day plaintiff's agent made the sale; and that before plain-

tiff's agent had an opportunity to inform defendant of the sale, the defendant sold to another party.

While the plaintiff did not have the exclusive right to sell the property placed in its hands, when its agent told defendant that he was about to undertake to close a deal with a person named, and defendant assented to the proposition, plaintiff was entitled to a reasonable time within which to report the result of the intended interview with its prospective buyer.

A real estate broker has earned and is entitled to recover his commission when he produces a person who is able and willing to buy the property at the price and terms fixed by the owner.

Argued December 15, 1925. Appeal No. 361, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, February T., 1923, No. 874, in the case of J. T. Jackson Company v. James E. Casey. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit by a real estate broker to recover a commission. Before BONNIWELL, J., and RENSHAW, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $515. and entered judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Andrew F. Quinn, Jr.,* and with him *A. J. Goldin,* for appellant.

*Harvey Gourley,* for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

Plaintiff, a licensed real estate broker, sued to recover a commission earned by finding a purchaser for defendant's property. The parties waived a trial by

jury and the trial judge found for plaintiff, and defendant appeals.

The five assignments of error filed complain of three matters: 1, the findings of fact by the trial judge; 2, the overruling of a motion for judgment non obstante veredicto; and 3, the refusal to grant a new trial. None of the assignments, except that complaining of the refusal to grant a new trial, is based on an exception and, as no point for binding instructions was presented, no motion for judgment non obstante veredicto could be made. A careful examination of the record has convinced us that a new trial was properly refused. There is evidence in the record to sustain a finding of the following facts: In October, 1922, defendant authorized plaintiff to procure a purchaser for one of his properties for $15,000 and agreed to pay it a commission of three per cent. On December 28, 1922, plaintiff's agent, Hall, told defendant that a Mrs. Walsh had inspected the property that day and that he was going immediately to Mr. Walsh's house to try to close the deal with him, if it was satisfactory to defendant and the latter was not going to give the tenant of the property the first opportunity to buy it. Defendant replied that Mr. Walsh could buy the house if Hall could make a deal with him. On the same day Mr. Walsh agreed with Hall to buy the property at $15,000 and paid plaintiff $200 on account of the purchase price. The next day Hall went to see defendant to tell him about the sale, but before he had the opportunity to speak defendant said, "the house is sold, the tenant bought it," and refused to sell to Mr. Walsh. The next day, December 29th, defendant sold the property to his tenant. Mr. Walsh was ready, willing and able to buy the property and make settlement upon any reasonable agreement which might be required.

Plaintiff was entitled to its commission. While it did not have the exclusive right to sell the property

placed in its hands, when its agent told defendant that he was about to undertake to close a deal with a person named and defendant assented to the proposition, plaintiff was entitled to a reasonable time within which to report the result of the intended interview with its prospective purchaser. Defendant did not have the right to use plaintiff's efforts to sell his property as a means of making a sale to his tenant and escaping the payment of a commission. There are no facts which take the case out of the familiar rule that an agent has earned and is entitled to recover his commission when he produces a person who is able and willing to buy the property at the price and terms fixed by the owner. See Weller v. Hochman, 81 Pa. Superior Ct. 58; Krewson v. Fisher, 78 Pa. Superior Ct. 509, and Sowney v. Bair, 269 Pa. 448. The evidence fully warranted the finding of the trial judge and judgment was properly entered thereon.

The fifth assignment of error is overruled, all of the others are dismissed, and the judgment is affirmed.