## Groskin, Appellant, *v.* Moore.

*Contracts—Contracts for sale of land—Real estate broker—Commissions.*

In an action by a real estate broker to recover commissions for the sale of land, binding instructions for the defendant should be given where it appears that the plaintiff acted under a written contract providing that his agency should not be exclusive, and that he would receive a commission only if he consummated a sale, and the testimony, while showing that the plaintiff had conducted negotiations with a prospective buyer, was conclusive that the sale was made through the efforts of another real estate broker and not by reason of the negotiations conducted by plaintiff.

Argued March 24, 1915. Appeal, No. 23, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., June T., 1912, No. 379, for defendant notwithstanding verdict in case of Horace Groskin v. Eleanor M. Moore. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover commission for procuring a purchaser of real estate. Before RALSTON, J.

The facts appear by the opinion of the Supreme Court.

The jury found a verdict for the plaintiff for $1,711.61, which was subsequently set aside and judgment entered for the defendant notwithstanding the verdict.

*Error assigned* was in entering judgment for defendant notwithstanding the verdict.

*Owen J. Roberts,* with him *Thomas Stokes,* for appellant.

*Ira Jewell Williams,* of *Simpson, Brown and Williams,* for appellee.

OPINION BY MR. JUSTICE ELKIN, April 19, 1915:

The right to recover in this case is a question of fact rather than of law. The agreement of the parties is the law of the contract. Before the negotiations began appellant was notified in writing as follows:

"That there may be no misunderstanding we desire to advise you that we shall place the same (the premises to be sold) in other brokers' hands for sale; the broker only to receive a commission who sells the property."

These conditions were accepted by appellant and he was bound by the terms thus imposed. On cross-examination he admitted that it was his duty to secure a purchaser for the property in order to entitle him to a commission for making the sale. Clearly, therefore, the burden was on him to prove at the trial that he had secured a purchaser within the meaning of the contract and failing in this his action to recover a commission cannot be sustained. We agree with the conclusion reached by the learned court below that Groskin failed to introduce testimony to show that he had secured a purchaser for the property. There was testimony showing that he had conducted negotiations with a prospective purchaser, but this amounts to nothing, unless these negotiations resulted in making a sale according to the terms of the contract. The evidence is conclusive that the sale was made through the efforts of another real estate broker, and not by reason of the negotiations conducted by appellant. Appellee reserved the right to place the property in the hands of other brokers for sale, and appellant is not in position to complain when this was done because the contract so provided. In his case in chief plaintiff offered in evidence a portion of the affidavit of defense which averred in substance that the property in question had been sold through the efforts of one William H. Wilson, and there is nothing in the offer to indicate that it was introduced for any special purpose. The offer was general and not restrictive in any sense. This fact clearly distinguishes the present

case from Keys v. Johnson, 68 Pa. 42 and Warne v. Johnston, 48 Pa. Superior Ct. 98, relied on by learned counsel for appellant. If the services of a broker do not accomplish the sale, and after the proposed purchaser has decided not to buy, other persons induce him to buy, the broker has no right to commissions: Earp v. Cummins, 54 Pa. 394. The effort of appellant at the trial was to show that he had conducted negotiations with the Rev. McDermott for a sale of the property, but he admitted that no terms of sale had been agreed upon nor had any price been fixed between the buyer and seller. Negotiations which did not include a fixed consideration and definite terms of sale fall far short of complying with the conditions of the contract existing between the parties to this litigation. The Rev. McDermott testified in the most positive manner that the purchase of the property was made through the persistent efforts of Mr. Wilson, and that no other real estate agent "contributed in any way toward the sale or purchase." This testimony is uncontradicted and it is supported by all the other evidence in the case which related to the actual sale of the property. The testimony relied on by plaintiff only showed negotiations and fell far short of proving an actual sale, or of showing that appellant had at any time produced a purchaser willing to buy at a price agreed upon or acceptable to the seller.

We entirely agree with the views expressed by the learned court below in the opinion entering judgment for defendant non obstante veredicto.

Under the clearly established facts plaintiff failed to make out a case which entitled him to commissions on the sale made by another real estate agent.

Judgment affirmed.