## Sowney *v.* Bair, Appellant.

*Principal and agent—Commissions for sale of real estate—Continuity of negotiations—Case for jury.*

1. The agent for the sale of real estate is entitled to his commissions if the sale is consummated, through his efforts, without a break in the negotiations.

2. If the agent has produced a purchaser, who is able and willing to buy on the price and terms fixed by the owner, it is not material that the negotiations are concluded directly with the owner.

3. If the agent produces evidence that he procured a purchaser and that the sale was consummated without a break in the negotiations, and the principal, on the other hand, offers proof tending to show that the negotiations with the purchaser were ended on the same day that he was produced, but subsequently taken up as a new proposition, not connected with the agent, the case is for the jury on the conflicting evidence.

Argued January 18, 1921. Appeal, No. 210, Jan. T., 1921, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1919, No. 4462, on verdict for plaintiff, in case of Patrick L. Sowney v. Oliver H. Bair. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for commissions on sale of real estate. Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,560. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v., quoting record.

*Horace Michener Schell,* for appellant, cited: Groskin v. Moore, 249 Pa. 242; Curatolo v. Beneficial Society, 70 Pa. Superior Ct. 542; McDonald v. Kimmell, 70 Pa. Superior Ct. 282.

*Marshall H. Morgan,* with him *Clinton A. Sowers,* for appellee, cited: Cain v. Werner, 67 Pa. Superior Ct. 438; Gibbons v. R. R., 68 Pa. Superior Ct. 232.

OPINION BY MR. JUSTICE WALLING, February 21, 1921:

This suit is for commission on sale of real estate. Defendant was the owner of premises 331-333-335 South Broad street, Philadelphia, and, in the summer of 1915, through his agent Greenstein, orally agreed to pay plaintiff $2,000 to procure a purchaser for the property.

Plaintiff secured a Mr. Kingsley, who purchased the property at defendant's price, to wit, $150,000. The latter contends, however, that plaintiff was not the inducing cause of the sale; that while he introduced Kingsley to Greenstein on August 30, 1915, the negotiations between them ended on that day, and thereafter were taken up as an entirely new proposition, not connected with plaintiff. Greenstein testified to that effect, while Kingsley testified that the original negotiations were continued . unbroken until the purchase was consummated by written agreement on the 30th of the following September. That controlling question was one of fact which the jury resolved in favor of plaintiff.

The only error alleged on this appeal by defendant is that the trial court erred in declining to direct a verdict, or to enter judgment, in his favor. To have done so would have been manifest error. True, Greenstein's testimony is that Kingsley informed him on August 30th that the negotiations were ended; but Kingsley's testimony is that what he told Greenstein was that he would not negotiate further with him as agent but would take the matter up directly with the owner, which in fact he did. Under Kingsley's evidence there was no break in the negotiations, and, if not, defendant was liable for the commission. Plaintiff was not a real estate broker, and there was some dispute between him and Greenstein as to the exact terms of their agreement, but under either version the former was entitled to his commission if the sale was consummated without a break in the negotiations. An agent has earned his commission when he produces a purchaser who is able and willing to buy the property on the price and terms fixed by the owner (McDonald v. Kimmel, 70 Pa. Superior Ct. 282), and this is emphatically true where, as here, the sale is actually consummated: Keys v. Johnson, 68 Pa. 42; Hipple v. Laird, 189 Pa. 472. It is not material that the negotiations are concluded directly with the owner: Cain v. Werner, 67 Pa. Superior Ct. 438. Where, how-

ever, the prospective purchaser and the owner fail to reach an agreement and their negotiations are ended, and, at a later period, through other means, the property is sold to the same customer, the original agent is not entitled to a commission. In such case his act is not the immediate, efficient and procuring cause of the sale: Earp v. Cummins, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308; Speer v. Benedum-Trees Oil Co., 239 Pa. 180; Young v. Dempsey, 67 Pa. Superior Ct. 535; Curatolo v. Venafrana B. Soc., 70 Pa. Superior Ct. 542; Barrow v. Newton, 48 Pa. Superior Ct. 382. Where the evidence upon that question is conflicting, the case is for the jury.

The judgment is affirmed.