# Bossart *v.* Erie Coal Mining Co., Appellant.

*Brokers—Real estate broker—Commissions—Contract—Procuring purchaser—Efficient cause of sale.*

1. The mere fact that negotiations are begun by a real estate broker with the purchaser, who ultimately buys from the owner, does not entitle him to commissions, unless his acts are the efficient cause of the sale.

2. Though a party be induced to take an interest in a property offered, yet if the sale result at a later date through the efforts of another, the broker cannot recover.

3. If there is a conflict in the testimony as to whether the transaction was completed without a break in the negotiations, the question is one for the jury.

4. Where the contract provides that if the broker should "interest anybody within the next ninety days," a commission should be paid him, the broker is entitled to his commissions if he induces a person to begin negotiations with his employer before the expiration of the ninety days, even though such negotiations do not materialize until after the time limit is reached.

*Evidence—Declarations—Hearsay.*

5. Declarations by one not a party to the suit, affecting the rights of the plaintiff, who is without opportunity to cross-examine, are inadmissible as hearsay evidence.

Argued October 11, 1922. Appeal, No. 146, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., April T., 1920, No. 1361, on verdict for plaintiff, in case of H. S. Bossart v. Erie Coal Mining Co. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit by real estate broker for commissions. Before DREW, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,717.50. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*A. M. Neeper,* for appellant.—The employment of appellee and the authority granted him to act as appellant's agent was limited by the terms of his contract to be exercised within a period of ninety days: Vincent v. Oil Co., 165 Pa. 402; Kelly v. Marshall, 172 Pa. 396; Smith v. McCann, 205 Pa. 57; Earp v. Cummings, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308.

Cook's declarations were admissible: Elliott v. Dennis, 4 Binney 327.

*J. Frank Peffer,* with him *Thomas B. Hepler,* for appellee.—The case was for the jury as to whether there was no break in the transaction: Sowney v. Bair, 269 Pa. 448; Earp v. Cummings, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308; Speer v. Oil Co., 239 Pa. 180; Young v. Dempsey, 67 Pa. Superior Ct. 535; Barrow v. Newton, 48 Pa. Superior Ct. 382; Shepler v. Scott, 85 Pa. 329.

When a contract is silent as to the time within which an act is to be performed the implication is that it should be done within a reasonable time: Shepler v. Scott, 85 Pa. 329; Keys v. Johnston, 68 Pa. 42.

Hearsay evidence, that is, statements coming from one not a party in interest and not a party to the proceedings and not made under oath, is not admissible.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

Bossart, a real estate broker, was employed by the Erie Coal Mining Company to make sale of one of its

properties located in Butler County. On August 27, 1919, this contract was confirmed by a letter of a duly authorized officer of the defendant, as follows: "In line with my conversation with you this morning, we will be glad to give you the privilege of selling our mine located at Euclid on the Bessemer Railroad, and should you interest anybody within the next ninety days, we will be glad to allow you five per cent of the selling price of eighty-five thousand ($85,000) dollars."

The plaintiff thereupon made efforts to secure a purchaser, and, at his expense, caused advertisements to be inserted in various newspapers to attract those who might be interested in the proposition. On September 29th, Cook, who finally bought, called upon the agent, and the character of the property was described to him, resulting in his visit to, and examination of, the mine. According to the testimony of the defendant, he subsequently called upon its officers, declared his dissatisfaction with certain statements made, and refused to purchase. Later, near the end of November, he was again urged by the broker to make further investigation, and did buy on December 17th, the formal conveyance being made on the 30th of that month. Appellant, however, contends the sale was finally procured by another person, one Drum.

Some weeks later, when Bossart learned of the completed transfer, demand was made for the commission, which he claimed to have earned. The right to any compensation was denied, and, as a result, this proceeding was instituted. A trial ended in a verdict for the plaintiff, and a new trial, as well as judgment n. o. v., was refused by the court below. This appeal is brought to test the accuracy of the rulings made as to evidence offered and instruction given.

The legal principles controlling the present situation have been clearly established by many authorities. The mere fact that negotiations are begun by a broker with the purchaser, who ultimately buys directly from the

owner, does not entitle him to commissions, unless his acts are the efficient cause of the sale: Earp v. Cummins, 54 Pa. 394; Kifer v. Yoder, 198 Pa. 308. And, though a party be induced to take an interest in a property offered, yet if the sale resulted at a later date through the efforts of another, the claimant cannot recover (Groskin v. Moore, 249 Pa. 242; Mitchell v. Baldwin Locomotive Works, 265 Pa. 148; Kelly v. Marshall, 172 Pa. 396), but where, as here, there is a conflict in the testimony as to whether the transaction was completed without a break in the negotiations, the question is one for the jury: Sowney v. Bair, 269 Pa. 448; Croll v. Mc-Cullough, 242 Pa. 431; Fenn v. Dickey, 178 Pa. 258.

Evidence was offered to show Bossart was employed, advertised the property and interested the purchaser in it. After examination, Cook refused to buy, but was later solicited by the broker to reconsider, and did finally accept. Defendant claims this was due solely to the efforts of Drum, who took the prospective buyer over the property in December, pointing out to him its advantages and possibilities, and that the original introduction by the plaintiff was not the procuring cause of the sale. But this dispute was for the jury to solve, under proper instructions from the court, and an examination of the charge shows it was a fair and impartial presentation of the facts, with a correct statement of the law applicable. The complaint of the affirmance of the plaintiff's points, and the refusal of some of those presented by the defendant, is without merit. The third, of the latter, might have been affirmed, but the proposition suggested was fully and correctly covered by the charge itself, and no harm could have been done by failure to read it.

The real controversy here suggested rests on the construction of the contract of employment. Defendant insists the right to recover commissions was made dependent on completion of the sale, and payment of the purchase money, within ninety days. The agreement does

not so stipulate, since it provides only that someone be "interested" within that time. It is unquestionably correct that a broker cannot recover, when the sale is not made within a definite period as provided by the contract, and is subsequently accomplished, but a fair construction of the writing here in question does not show the presence of such limitation. "If the terms of employment merely require the broker to find or introduce a purchaser within a certain time,......he is legally entitled to remuneration if he induces a person to begin negotiations with his employer before the expiration of the period named, even though such negotiations do not materialize until after the time limit is reached": 4 R. C. L. 306; Jaeger v. Glover, 89 Minn. 490, 95 N. W. 311; Goffe v. Gibson, 18 Mo. App. 1. Though appellant contends that all possible interest of Bossart ended ninety days from August 27, 1919, it is to be noted that he was still negotiating with Cook at the end of November, if his testimony is to be accepted, and was further urged by the officers of the defendant company to continue efforts to find a buyer after the ninety-day period had gone by. If no date for consummation of the sale be fixed,—here the only requirement was to "interest" someone,—then a reasonable time to complete the transaction is permissible (Shepler v. Scott, 85 Pa. 329), and the jury was properly so instructed.

The other objection raised by the sixth assignment is based upon the refusal to admit in evidence a paper signed by Cook, now dead, explaining his connection with the transaction. This was in the form of a statement addressed to counsel for the coal company. Clearly, a declaration, by one not a party to the suit, affecting the rights of the plaintiff, who was without opportunity to cross-examine, was inadmissible as hearsay evidence: Harrington v. Bronson, 161 Pa. 296; Halberstadt v. Bannan, 149 Pa. 51.

The assignments of error are all overruled and the judgment is affirmed.