## L. A. CLARK CO. v. MILLBORO LUMBER CO.

Circuit Court of Appeals, Third Circuit.
November 17, 1927.

No. 3667.

1. **Brokers** ⬅53—**Real estate agent is not entitled to commission merely by finding purchaser, unless he is proximate cause of sale.**

A real estate agent is not entitled to commission merely by finding a purchaser, but he must be the direct and proximate cause of the sale, and if the negotiations started by him fall through and are in good faith abandoned by the parties, he cannot recover commission if the person so introduced is later induced by some other person and by other means or considerations to buy the property.

2. **Brokers** ⬅82(4)—**In action for broker's commission, evidence that others than plaintiff brought about sale, held admissible under pleadings (District Court rule 1, § 3).**

In action for commission for procuring purchaser for realty, in which affidavit of defense, in addition to denying contract to pay commis-

sion, alleged that plaintiff had no part in negotiations leading to the sale, evidence that sale was brought about by others, and was made on a different basis after negotiations in which plaintiff took part had been abandoned, *held* admissible under the pleadings, under District Court rule 1, § 3.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Action by the L. A. Clark Company against the Millboro Lumber Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles S. Crawford, of Pittsburgh, Pa., for plaintiff in error.

J. Earl Ogle, Jr., of Johnstown, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, the L. A. Clark Company, a corporate citizen of Pennsylvania, brought suit against the Millboro Lumber Company, a corporate citizen of Virginia, to recover a commission alleged to have been earned by a sale of land belonging to the latter. The jury returned a verdict for the defendant, whereupon the plaintiff sued out this writ of error.

The contention of the plaintiff was that pursuant to agreement it had secured a purchaser and introduced such purchaser to the defendant, but that the latter had thereafter ignored the plaintiff and sold the land to such purchaser. The contention of the defendant was that, while the plaintiff had found and introduced the customer, the parties could not agree on a price; that the whole transaction fell through and the relations between the plaintiff and the defendant came to an end. Its further contention was that some years later new negotiations were had by the introduced customer and the defendant, but on an entirely new basis, to wit, that the customer required the defendant to buy a large adjoining tract so as to make, with the original acreage, sufficient timber to justify such customer in making the purchase. It alleged that it had so bought and conveyed such large adjoining tract, and had thereby sold the original land and that the plaintiff had nothing to do with the sale which, in fact, was made by itself. The court, in its charge, to which no exception was taken, submitted the case to the jury which found for the defendant.

[1] Thereupon this writ was sued out. Under the Pennsylvania decisions (Earp v. Cummins, 54 Pa. 394, 93 Am. Dec. 718; Speer v. Benedum-Trees Oil Co., 239 Pa. 180, 86 A. 695; Groskin v. Moore, 249 Pa. 242, 94 A. 1057; Sowney v. Bair, 269 Pa. 448, 112 A. 530), a real estate agent is not entitled to recover commissions merely by finding the purchaser, but he must be the direct and proximate cause of the sale. If the negotiations started by him fall through, and are in good faith abandoned by the parties, he cannot recover commissions if the person so introduced is later induced by some other person and by other means or considerations to buy the property. The evidence in this case brought the case within these principles and was therefore pertinent.

[2] Was such evidence properly received under rule 1, § 3, of the court below, which provides, "No evidence shall be heard upon the trial of the cause as to any facts not alleged or referred to as a ground of action or matter of defense in the statement and affidavits then on file in the case"? The affidavit of defense, in addition to denying the alleged contract to pay commissions, averred "that the plaintiff had no part whatsoever in any of the negotiations which led up to the sale consummated on September 12, 1925, covering the combined property of the defendant, and the United States Lumber Company and Edwin B. Jones, trustee." We think the testimony as to the sale, how it was brought about, the fact that additional property had to be bought to effect a sale, and who really brought the sale about, was properly received under the pleadings. No contention is made by the plaintiff that it was surprised by the admitted testimony, or that an opportunity was denied it of controverting or explaining the same. The question whether the plaintiff had or had not brought about the sale was clearly defined by the pleadings, and the defendant's testimony met that issue by showing that others and other means had, and therefore the plaintiff had not, brought about the sale.

So regarding, the judgment is affirmed.