## Engelberg, Appellant, v. Browar.

Argued March 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frederic W. Miller,* with him *A. M. Oliver* and *Mayer Sniderman,* for appellant.—The case was for the jury: Keys v. Johnson, 68 Pa. 42; Reed v. Reed, 82 Pa. 420; Gibson's Est., 161 Pa. 177; Girsh v. Rolland, 285 Pa. 141; Bossart v. Coal Mining Co., 276 Pa. 63.

*Chas. H. Sachs,* of *Sachs & Caplan,* for appellee.— Plaintiff failed to sustain the burden on him to show that he was the efficient and procuring cause in the sale: Earp v. Cummins, 54 Pa. 394; Speer v. Oil Co., 239 Pa. 180; Martin v. Gelbach, 93 Pa. Superior Ct. 570; Barrow v. Newton, 55 Pa. Superior Ct. -387; Groskin v. Moore, 249 Pa. 242; Cathers v. Patchel, 82 Pa. Superior Ct. 257; Kifer v. Yoder, 198 Pa. 308.

OPINION BY MR. JUSTICE SIMPSON, April 15, 1929:

Averring "that his efforts were the efficient, moving and procuring cause in obtaining Louis Hendel as a purchaser of defendant's property," plaintiff sued to recover a commission which he alleged he was to receive if he made the sale at a price specified by defendant. The jury rendered a verdict in plaintiff's favor, the court in banc entered judgment for defendant non obstante veredicto, and plaintiff appeals. The judgment is right.

The admitted facts are decisive of the controversy. They are: (1) plaintiff did not have an exclusive agency to sell the property, but was only one of a number attempting to do so; (2) he was not the first broker to open negotiations with the purchaser, nor to bring him and defendant together for the purpose of effecting a sale; (3) while he was negotiating with the purchaser, other brokers were doing so also; (4) he never succeeded in inducing the purchaser to pay the price defendant demanded; and (5) through the personal efforts of another broker, with whose actions plaintiff had nothing to do, the negotiations were closed at a price higher than plaintiff could induce the purchaser to pay.

It is evident from these admitted facts that plaintiff was not "the efficient, moving and procuring cause" in effecting the sale, and hence he cannot recover. Even if plaintiff had first brought the property to the attention of Mr. Hendel, or had first brought the possibility of Hendel being a purchaser to the attention of defendant (neither of which was a fact), still his claim would fail, for the reason expressed in Earp v. Cummins, 54 Pa. 394, 397: "But if the services of the broker, whatever they be, fail to accomplish a sale, and [afterwards] . . . . . . the proposed purchaser . . . . . . is induced by other persons to . . . . . . purchase as the consequence of such secondary or supervening influence, the broker has no right to a commission." To the same effect is Speer v. Benedum-Trees Oil Co., 239 Pa. 180. We have often so stated, perhaps the latest case being Bossart v. Erie Coal Mining Co., 276 Pa. 63, 65-6, where a number of the intervening authorities are cited.

In all essential respects, Groskin v. Moore, 249 Pa. 242, is an exact counterpart of the instant case. The syllabus, which correctly states the decision, is as follows: "In an action by a real estate broker to recover commissions for the sale of land, binding instructions for the defendant should be given where it appears that the plaintiff acted under a written contract providing that his agency should not be exclusive, and that he would receive a commission only if he consummated a sale, and the testimony, while showing that the plaintiff had conducted negotiations with a prospective buyer, was conclusive that the sale was made through the efforts of another real estate broker and not by reason of the negotiations conducted by plaintiff."

The judgment of the court below is affirmed.