Zellner, Appellant, v. Murdoch.

Argued October 9, 1929. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Wm. M. Hall,* with him *A. H. Hunter,* for appellant, cited: Statler v. R. R., 296 Pa. 222; Keys v. Johnson, 68 Pa. 42.

*William A. Challener* and *William A. Challener, Jr.,* for appellee, were not heard.

OPINION BY MR. JUSTICE SADLER, November 25, 1929:

Mrs. Murdoch, the defendant, was the owner of certain real estate in the City of Pittsburgh. Her attorneys were Marshall & Marshall, father and son. The former, the elder Marshall, entered into negotiations for the sale of one of her properties through an agent of his selection. The latter interested the subsequent purchaser, but no terms were agreed upon prior to Marshall's departure for Europe in January. Soon thereafter, the plaintiff, Zellner, a real estate broker, learned the name

of the counsel who represented generally the owner, and called upon the son, making inquiries as to the terms upon which Mrs. Murdoch might sell her land. She was communicated with, and, in a letter, fixed a minimum amount acceptable, but, later, expressed her unwillingness to do anything until her arrival in Pittsburgh on April 4th, following. In the meantime, the plaintiff advised the younger Marshall that he was able to secure a buyer at the price suggested. No contract was entered into, nor could there be, for no authority had been given the attorney communicated with to make sale, and without such a grant of power he could not agree to dispose of Mrs. Murdoch's land (Stilley v. McNeal, 219 Pa. 533), nor did he possess the right to employ a broker for this purpose: Gross v. Kincaid, 83 Pa. Superior Ct. 514.

On April 1st, the elder Marshall, who had undertaken to secure a buyer through another agent, returned to his office, and repudiated the employment of Zellner. The property was subsequently acquired by Donahoes, Inc., for a price satisfactory to the owner. This vendee was the same party from whom Zellner had secured an offer to pay a like sum, but after the buyer had first consulted concerning the purchase with the person selected by the father. At no time did the latter employ plaintiff to act as broker, nor did Mrs. Murdoch ever have any personal communication with him, or direct any one to engage his services. As far as shown by the record, he was a mere volunteer, who tendered his assistance in making sale, and carried on negotiations on his own initiative. A broker cannot recover commissions, though he may have brought the vendor and vendee together, unless he shows such an employment, either by previous authority, or the acceptance and adoption of his acts: Samuels v. Luckenbach, 205 Pa. 428; Keys v. Johnston, 68 Pa. 42; Lanard v. Thomson Printing Co., 84 Pa. Superior Ct. 199.

There was no proof that Zellner was requested to act by Mrs. Murdoch, as in Rick v. Moyer, 296 Pa. 176, relied on by claimant here, or that such direction was given by one having authority to proceed on her behalf. Nor did any adoption of his acts in attempting to make the sale appear. The purchaser was secured by the agent employed by the elder Marshall, though, as noticed, Zellner later secured an offer also from the same person to buy, of which he advised the son, though defendant was not informed of this fact. Under the evidence, plaintiff cannot be said to have been the efficient means of finding the ultimate buyer. The mere fact that he carried on negotiations does not entitle him to commissions unless his acts result in the sale: Bossart v. Erie Coal Mining Co., 276 Pa. 63; Engleberg v. Browar, 296 Pa. 382. Even though his employment to act had been established or ratified, which it was not, Zellner did not consummate the transaction, and his claim for commissions cannot be enforced: Engleberg v. Browar, supra.

The trial court submitted the question of liability to the jury, which found for plaintiff, but later properly entered judgment for the defendant n. o. v.

The judgment is affirmed.