**QUEEN v. COMMONWEALTH TRUST CO. et al.**

No. 4930.

Circuit Court of Appeals, Third Circuit.

March 22, 1933.

Rehearing Denied May 10, 1933.

J. Thomas Hoffman and Guy B. Hoge, both of Pittsburgh, Pa. (John Duggan, Jr., of Pittsburgh, Pa., of counsel), for appellant.

John M. Freeman, H. F. Stambaugh, Ralph H. Demmler, and Watson & Freeman, all of Pittsburgh, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an action in assumpsit to recover commissions for the sale of the property of the Western Allegheny Railroad Company and certain coal lands of the North Penn Coal Company. The defendant Commonwealth Trust Company owned a large block of the stock of the North Penn Company which owned the entire stock of the railroad company and the coal lands. The Commonwealth Company also owned all of the stock of the other defendant, the Commonwealth Real Estate Company. The plaintiff, Queen, contends that he was employed, upon an oral agreement between an alleged representative of the defendant companies and himself, to sell these properties for certain commissions. Eventually the Pennsylvania Railroad Company purchased the properties in question. The plaintiff contends that he was the efficient and procuring cause of the sale, and so should be paid commissions for effecting the same.

This case was twice tried to the District Court. At the first trial, the court gave binding instructions to the jury to find a verdict for the defendants. Judgment was entered on the verdict, and the plaintiff appealed. This court [49 F.(2d) 117] reversed the judgment because the trial court refused to admit certain material evidence of the plaintiff which tended to support the averments of his statement of claim. In reversing the judgment, we stated that we were not deciding the merits of the case.

At the second trial the District Court admitted all the evidence which tended to establish plaintiff's contention and afterwards directed the jury to return a verdict for the defendant for the reasons that there was no evidence to show the authority of the person whom the plaintiff claimed to be the agent of the defendants and further that there was no evidence that the plaintiff procured the sale of the stock of the railroad company and the coal lands to the Pennsylvania Railroad Company. After refusing a motion for a new trial, the court entered judgment on the verdict for defendants, and the plaintiff appealed.

There is evidence that tends to show that the plaintiff, who was interested in selling the properties, consulted the president of the trust company regarding the properties, and that he introduced the plaintiff to A. J. Kelly, the president of the real estate company, and

a director in both the trust company and the North Penn Company and assured the plaintiff that Mr. Kelly had full authority to sell the coal lands and railroad properties. Kelly agreed orally that, if the plaintiff secured a purchaser who would pay $3,000,000, or such sum as would be accepted, he would be paid a commission of $280,000 for selling both the coal lands and railroad stock, or $125,000 for the sale of either.

The plaintiff testified that he began negotiations to sell the properties to the Pennsylvania Railroad Company. He said that he discussed the proposition with two of the officials of the company, furnished them with maps of the properties, and visited them probably ten or twelve times between October, 1924, and June, 1925.

But these two railroad officials, who were vice presidents in charge of traffic and operations respectively, testified that they, in their official capacities, had nothing to do with negotiating for, or purchasing, the properties for the railroad. They admitted that the plaintiff had visited each of them once or twice but stated that the purpose of the plaintiff was to discuss the making of a traffic arrangement for the Western Allegheny with the Pennsylvania Railroad. They further testified that, if they had considered the question of purchasing the properties, they had not discussed the subject with any other officers of the railroad, and were unaware that negotiations were being carried on by the Pennsylvania Railroad Company to purchase the properties.

The defendants' evidence tends to show that one J. F. Casey had obtained an option in 1917 to buy the stock of the North Penn Coal Company, and had attempted to sell the stock to the Pennsylvania Railroad Company, through General Atterbury, then one of its vice presidents. General Atterbury asked him to defer negotiations at that time because of the press of affairs. Mr. Casey obtained another option in April, 1925, and, negotiating with General Atterbury, he himself sold the stock to the Pennsylvania Railroad Company after purchasing it in his own name. Documentary proof supports this, and apparently the plaintiff does not dispute this evidence. In addition, General Atterbury testified that Mr. Casey was an old acquaintance, but that he had never heard of the plaintiff nor of his negotiations with the railroad, and that the only Pennsylvania officials concerned with the sale besides himself were a Mr. County and the general counsel of the Pennsylvania Railroad Company.

In the face of these facts, the plaintiff insists that he was the procuring cause of the sale and that the question should have been submitted to the jury, since there was conflicting evidence upon the point. He cites the case of Shapiro v. Union Trust Company, 306 Pa. 35, 158 A. 564, 566, wherein it was said: "One of the tests as to whether an agent is entitled to commissions, where he does not have an exclusive contract, is whether he was the efficient or procuring cause of the sale. Keys v. Johnson, supra [68 Pa. 42]. Where a sale has been effected not as a result of an agent's efforts, but of those of another, the agent cannot recover the commission. Earp v. Cummins, 54 Pa. 394, 93 Am. Dec. 718; Bossart v. Erie Coal Mining Co., 276 Pa. 63, 119 A. 731; Zellner v. Murdoch, 298 Pa. 208, 148 A. 109. And where there is a conflict of evidence as to the procuring cause of sale, the case is for the jury."

The principles announced there are clearly right. Clark v. Millboro Lumber Co. (C. C. A.) 22 F.(2d) 551. The plaintiff argues that it is a question for the jury whether or not an agent is the procuring cause of the sale when he has been employed to sell real estate, produces a buyer, who later purchases the property, and there is no evidence that the negotiations initiated by him were abandoned.

Assuming these facts to be true, it does not meet the question here. The record does not disclose a conflict of evidence as to whether the plaintiff was the procuring cause of the sale. For the fact is that here the sale was made as the result of the independent effort of a third person.

We are bound by the facts disclosed in the record. The plaintiff's own testimony shows simply that he spoke to two vice presidents of the Pennsylvania Railroad Company in connection with the selling of the properties and that he made probably ten or twelve visits to these officials, furnishing them with data and maps of the properties, but it does not show that these officials had authority to negotiate for the purchase of the properties. His testimony stops there. Whatever that testimony may mean, the undisputed evidence shows that the officials of the Pennsylvania Railroad Company who had authority to negotiate for the purchase of such properties as are concerned here, knew nothing of the plaintiff nor his interest in selling the properties in question, and that the Western Allegheny Railroad was sold as the result of the independent effort of J. F. Casey, begun in 1917, and deferred until after the war, with

the responsible officers of the Pennsylvania Railroad Company who were clothed with authority to purchase. If the case had been submitted to the jury and it had found for the plaintiff, the court would have been compelled to set aside the verdict. Barrett v. Virginian Railway Company, 250 U. S. 473, 476, 39 S. Ct. 540, 63 L. Ed. 1092.

The good faith of every one concerned here is not doubted. Such a situation as is here presented commonly arises in the business world where two or more men are struck with a similar business idea and attempt to carry it out independently of each other.

The plaintiff failed to make out a case, and so the learned trial judge did not err in directing the jury to return a verdict for the defendants.

The judgment is accordingly affirmed.