**GIRARD TRUST CO. et al. v. VANCE et al.**

**No. 3713.**

District Court, E. D. Pennsylvania.

Feb. 5, 1945.

Richard K. Stevens, of Philadelphia, Pa., for plaintiffs.

Frank A. Moorshead, of Philadelphia, Pa., for defendant Vance.

Maurice Freedman, of Philadelphia, Pa., and Bernard Freedman, of Newark, N. J., for defendants Long, Gross & Postley.

BARD, District Judge.

This matter arises upon the motion of the defendants Long, Postley and Gross to dismiss an amended complaint requesting relief in the nature of interpleader.

The averments of this complaint, so far as are presently relevant, are as follows: The plaintiff Girard Trust Company was the agent for the other plaintiffs in negotiating a sale of stock of the Kensington Shipyard & Drydock Corporation which they owned. It orally authorized the defendants Long and Postley to attempt to obtain a buyer for this stock and agreed to pay them a commission of 5% of the purchase price received in cash by the sellers if a sale should be completed to a buyer produced by these defendants. This agreement was specifically nonexclusive and a similar agreement was made by the plaintiff Girard Trust Company with the defendant Vance. Neither Girard Trust Company nor any of the other plaintiffs ever had any dealings with or made any such agreement with the defendant Gross.

On November 16, 1943, the plaintiffs (other than Girard Trust Company) sold the stock in question, by written agreement, to Franklin Machine & Foundry Company for $500,000 in cash and $300,000 payable over a period of time and secured by a mortgage. The defendants Long and Postley jointly claimed to have been the brokers responsible for the sale and entitled to commission as such. The defendant Gross claims to have been the broker responsible for the sale and entitled to the commission as such. The defendant Vance claims to have been the broker responsible for the sale and entitled to commission as such, and he has brought suit against the plaintiff Girard Trust Company in the Court of Common Pleas of Philadelphia County to enforce his claim for the commission. The plaintiffs disclaim any interest in the $25,000 admittedly presently due as commission for this sale and have paid that sum into court. They request that the court require the defendants to interplead and that the court thereafter ascertain which of them is entitled to the commission.

The motion to dismiss the complaint is based upon the contention that plaintiffs' allegations, as set forth above, fail to establish a right to relief in the nature of interpleader. The defendants' principal argument is that the claims of the various defendants are based on separate and independent contracts rather than on a single contract, and are therefore separate, independent and unrelated to each other. Whatever may have been the law on this question prior to the adoption of the Federal Rules of Civil Procedure, this objection has been wholly eliminated by Rule 22(1) of those rules, 28 U.S.C.A. following section 723c, which provides in part: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants."

Defendants argue, however, that this rule does not eliminate the necessity for a double or multiple liability and does not permit a plaintiff to interplead various of his creditors having unrelated claims and satisfy them with a single payment. It is true that claimants having wholly unrelated claims may not be thus interpleaded. But the complaint in the instant case alleges that three different brokers claim to be responsible for the same sale and entitled to commission thereon and that none had an exclusive agency. Accordingly, only the one who was in fact responsible for the consummation of the sale is entitled to the commission. Groskin v. Moore, 249 Pa.

242, 94 A. 1057; Engelberg v. Browar, 296 Pa. 382, 145 A. 912. It is difficult to ascribe any meaning to the second sentence of Rule 22(1) if the fact that each of the defendants' claims under a separate contract would defeat the right of the plaintiff to an interpleader under the allegations of the amended complaint in this case.

Defendants' contention that plaintiffs may well be liable to each of the defendants under the contracts entered into with them and should not be allowed by interpleader to escape such multiple liability if contracted for, is based on facts contrary to those alleged in the complaint and hence must be raised by answer. This applied likewise to defendants' argument that the compensation to which they are entitled under their contracts exceeds the $25,-000 which plaintiffs have deposited in court and alleged to be the commission payable on the sale.

The motion to dismiss is denied.