## Hollinshead v. McCullough et al.

*Gilbert P. High,* of *High, Swartz, Flynn & Roberts,* for plaintiff.

*Federico F. Mauck,* of *Wright, Mauck, Hawes & Forrest,* for defendants.

CORSON, J., July 26, 1948.—At the argument before the court en banc, defendants did not press the motion for a new trial and relied solely upon their motion for judgment non obstante veredicto. In considering this motion we are required, of course, to assume the truth of the evidence most favorable to plaintiff's case: 6 Standard Pa. Practice 408, 409; Stewart v. Crawford, 55 Montg. 164, 165 (1939).

Admittedly, Hollinshead was a real estate broker. McCullough and Hollinshead had known each other during school days and after Hollinshead went into business for himself McCullough employed him as a real estate broker to sell the property owned by Mr. and Mrs. McCullough. Hollinshead placed his sign upon the McCullough property and it was the only sign thereon. Hollinshead advertised the property in a Philadelphia paper and as a result of the sign being seen by one Nichols, Nichols called upon Hollinshead with the idea of inspecting the property. McCullough had given Hollinshead a net price of $15,000, and Hollinshead asked Nichols the price of $15,800, in order to cover the real estate commission.

After an inspection of the property, in the presence of Mrs. McCullough, Nichols made an offer of $14,000. Hollinshead said that he did not feel this would be accepted as McCullough was in a position to hold the property and was not forced to sell. Hollinshead, however, did submit the offer to McCullough but it was refused. At the time Nichols said goodbye to Hollinshead he promised to get in touch with Hollinshead later. This he did not do. Hollinshead attempted to call Nichols on the phone at Somerton but he could not be reached. This may have been due to the fact that Mrs.

Nichols was in the south and no doubt Nichols was away from the house a considerable part of the time.

Two weeks after Nichols saw the property he called upon another real estate broker named Coppola. Nichols had been in communication with Coppola previously in an effort to have Coppola locate a suitable property for him. On the occasion of the visit to the McCullough property, Nichols saw a listing or a picture of the McCullough property, and thereupon told Coppola that he had been shown the property by Hollinshead and that he had made an offer. Coppola thereafter went to McCullough and after various negotiations McCullough sold the property for the price of $14,750, and Coppola reduced his commission. Hollinshead had also submitted another offer for the property to McCullough and called McCullough in Chicago and was told to do nothing further until McCullough returned.

Shortly after McCullough's return, Hollinshead called and was told that the property had been sold to Nichols and that the parties were even then on their way to the McCullough home to sign the agreement of sale. Hollinshead immediately stated that he would claim his commission if the property were sold to Nichols and after the sale the present suit followed. Settlement was held with Nichols and the commission was held by the title company pending the decision in this suit.

In support of their motion for judgment non obstante veredicto, defendants cite several cases, all of which are based upon a finding that the purchaser, after having been shown the property by one real estate broker, lost interest in the property and was later reinterested in the property by another broker and the sale consummated. Counsel for defendants contends that since Mr. Nichols stated that he was actually sold the property by Coppola after having given up all

thought of buying it after leaving Hollinshead, such testimony is uncontradicted and therefore must be assumed to be true.

With this contention we cannot agree. It was obvious, after listening to Mr. Nichols, that he was very much prejudiced against Hollinshead. It seemed to be Nichols' contention that Hollinshead, far from selling him the property, had even discouraged its purchase. This idea is even reflected in the pleadings and in the affidavit of defense filed by McCullough. Nichols appears to have been angered by the fact that Hollinshead was so insistent that McCullough would not reduce his price, he did not have to sell, etc.

Certainly Hollinshead in so acting was acting as the agent of McCullough and attempting, as was his duty, to obtain the highest price possible for his principal. So far as appears from the testimony, Coppola was never employed by McCullough and it may well be that the only knowledge Coppola ever had that the property was for sale came either from Hollinshead's sign upon the property, his advertisement in the Philadelphia paper, or Nichols. Coppola's entire efforts seem to have been on behalf of Nichols to have McCullough reduce his price. However, the fact that he was able to do this is not necessarily controlling upon the question of whether or not Hollinshead was actually the moving and efficient cause of the sale.

We feel that the question of whether or not Nichols actually gave up any thought of buying the property and was later reinterested in the property by Coppola was a question properly left to the jury. Let us assume that Nichols, instead of waiting two weeks after seeing Hollinshead, had gone the next day to Coppola and purchased the property. Certainly, under such circumstances the jury might well say that Nichols, because of his prejudice against Hollinshead, was merely trying to swing the commission to his friend Coppola. Cer-

tainly under such testimony the jury would have the right to find what the true facts were. Similarly, in the present case, we do not feel that two weeks was too long a time to prevent the jury from having the same right and duty to pass upon the question of whether or not Nichols actually put the property out of his mind or whether he was not waiting what he considered a decent period before taking action to buy through Coppola.

While the cases cited by McCullough are claimed to be precisely the facts in the present case, yet we feel that every one of these cases can be distinguished when we consider all the facts in the present case. We shall not lengthen this opinion by going over all the cases which are ably discussed in the brief filed by plaintiff. We feel that the present case is closer in facts to Sowney v. Bair, 269 Pa. 448 (1921). While in the Sowney case the purchaser refused to deal with the agent and later went directly to the owner, there would seem to be no difference between that and the present case where the purchaser went to the owner through a real estate broker chosen by the purchaser rather than the owner of the property. While in the Sowney case the purchaser testified that he never lost interest in the property, yet for the reasons given we feel that that question was still a question of fact under all the circumstances in the present case, and the jury apparently found that Nichols never lost interest in the property but merely refused to negotiate through Hollinshead and insisted upon having his own broker act for him in attempting to have McCullough reduce the price.

And now, July 26, 1948, defendants' motions for a new trial and for judgment non obstante veredicto are refused and the prothonotary is directed to enter judgment upon the verdict upon payment of the verdict fee.