SAM PIVAR

v.

**T. I. MOSELEY, KEY MANAGEMENT CORPORATION AND
OXFORD CORPORATION, Appellants**

D.C. Civil No. 264-1969

United States Court of Appeals

Third Circuit

Argued at Christiansted January 29, 1973

Filed April 10, 1973

Thomas Alkon, Esq. (Isherwood & Colianni), Christiansted, St. Croix, V.I., *counsel for appellant*

Thomas D. Ireland, Esq., St. Thomas, V.I., *counsel for appellee*

Before MARIS, VAN DUSEN and ROSENN, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

This is an appeal by the defendants, Tomlinson I. Moseley, Key Management Corporation and Oxford Corporation, from a judgment entered in favor of the plaintiff Sam Pivar in an action brought in the District Court of the Virgin Islands to recover a broker's commission on a sale of a tract of land located in Estate Judith's Fancy, St. Croix. The case was tried to the court, without a jury, and the plaintiff was awarded a commission in the sum of $49,130 together with interest thereon, plus an attorney's fee and costs.

The opinion filed by the trial judge, Chief Judge Christian, in the district court, Pivar v. Moseley, et al., 1971, 9 V.I. 227, fully sets forth the background facts which he found had led to the culmination of the transaction here involved, and they need not be repeated here. For the purpose of this discussion, it is sufficient to say that in November 1968 one Richard M. Kimbrough called at Pivar's real estate office inquiring about the availability of land for purchase. He had come to the Virgin Islands from Michigan with two associates, Rockwell T. Gust and E. Keigh Owens, to acquire land for development but had met with disappointments and his associates had returned to Michigan. Pivar showed Kimbrough the tract which was for sale by Moseley; Kimbrough was interested; the following day Kimbrough, Pivar and Moseley met and discussed the sale of the property. Thereafter Kimbrough reported the discussions to Gust and Owens. In May 1969, after a

series of negotiations, Hamilton International Corporation, a Michigan corporation in which both Owens and Gust were associated, but in which Kimbrough had no interest, purchased the property here involved, which embraced more land than originally offered and which included a residence belonging to Moseley. The transaction was consummated by the exchange of the stock of two Virgin Islands corporations, Key Management Corporation and Oxford Corporation, which held title to the land, for stock of Hamilton International Corporation. At the time of the sale Moseley was the principal shareholder, president, and a member of the board of directors of both Key Management Corporation and Oxford Corporation. Hamilton International Corporation subsequently agreed to redeem its stock acquired by Moseley in the transaction.

Based on the facts which he found the trial judge concluded that the plaintiff was entitled to a commission on the sale of the property. On this appeal, the defendants contend that the evidence does not support the findings.

 In considering the defendants' contention we bear in mind the well-established principle which is the rule in the Virgin Islands that an agent must show that he was the effective or procuring cause in producing the result for which he seeks compensation, and that whether or not his efforts had such a substantial effect that he should be compensated for them depends upon the particular facts and circumstances of each case and is a question of fact to be resolved by the trier of fact. Restatement, Agency 2d, § 448 and Comments a and c;[1]

---

[1] Restatement, Agency 2d, § 448.
"An agent whose compensation is conditional upon his accomplishment of a specified result is entitled to the agreed compensation if, and only if, he is the effective cause of accomplishing the result.
Comment:

a. Meaning of effective cause. An agent is an 'effective cause' as that phrase is used in this Section, when his efforts have been sufficiently important in achieving a result for the accomplishment of which the prin-

White v. Grovier, 1946, 237 Iowa 377, 21 N.W.2d 769; Hill v. Capps, 1964, 248 Miss. 601, 160 So.2d 186; 12 Am. Jur.2d, Brokers, §§ 190, 191. And see Hourston v. Harlvan, Inc., 3 Cir. 1972, 457 F.2d 1105. A finding of fact on this question, as on any other, may not be set aside on appeal unless clearly erroneous. Rule 52(a) F.R.C.P.

The defendants argue that Pivar's prospect was Kimbrough who alone was introduced by him to Moseley, that Pivar never met with Gust and Owens who eventually consummated the sale, and that hence it was error for the trial judge to direct recovery of commission on a sale in which Kimbrough was not a purchaser. They also urge that Pivar's act in introducing Kimbrough to Moseley was merely one of a chain of causes producing the contract of sale and not enough to support the finding that Pivar's activity was the procuring cause. The trial judge fully considered these issues in his opinion, stating:

"I find on all the evidence a continuous chain, albeit with starts and stops and intervening obstacles, from the showing of the property by Pivar to Kimbrough and their conferences and discussions with Moseley in November of 1968, through Kimbrough's transmission of all his information (and enthusiasm) to Gust and Owens, on to their negotiations with Moseley and his counsel, and up to the final acquisition of the stock of the two defendant corporations by Hamilton International, which for all practical purposes effected the purchase and sale of the land. I do not regard it as essential to a broker's right to a commission that he should have participated in all or indeed in any of the negotiations once he brought buyer and seller together. I am satisfied that the efforts of Pivar is the foundation on which this transaction was consummated. The ultimate purchasers are, I find, the same ones mentioned by Kimbrough

---

cipal has promised to pay him, so that it is just that the principal should pay the promised compensation to him.
. . .
c. . . . an agent who has been promised compensation for his accomplishment of the result must show that his efforts have had substantial effect in producing it. Whether or not his efforts have had such a substantial effect that he should be compensated for them is a question for the triers of fact. . . ."

629

at the outset, although they have not acted as natural persons, but have effectively acquired ownership through their interest and holdings in Hamilton International Corporation. The same two persons, Gust and Owens are the persons who now control the two corporate defendants, and as Rockwell Gust himself said, they learned of the owners of the property from Kimbrough. Their interest in the property was aroused by Kimbrough and, but for Kimbrough's interest in the property, they would have shown none. I conclude that the plaintiff is entitled to a commission."

■ The finding thus made is fully supported by the evidence and we are wholly in accord with it. In view of this finding cases such as L. A. Clark Co. v. Millboro Lumber Co., 3 Cir. 1927, 22 F.2d 551, relied upon by the appellants, in which the courts found on the facts that the plaintiffs were not the procuring cause of the sales involved, are not controlling here.

The judgment of the district court will be affirmed.