## Kirk v. Sorensen

*Maxwell H. Cohen* and *C. Paul Rogers*, of *Cohen and Royle*, for plaintiff.

*Edward H. Hoffner*, of *Robinson and Hoffner*, for defendants.

MARSH, J., September 11, 1974.—Ted Kirk, plaintiff, filed a complaint in assumpsit against John E. Sorensen and Angela L. Sorensen, his wife, to recover from them a real estate broker's commission which plaintiff claims to be due him for effecting the sale of certain real estate owned by defendants as tenants by the entireties.

In response to the complaint, defendants filed preliminary objections in the nature of a demurrer and in the nature of a motion for more specific complaint.

A condensed statement of the facts set forth in the complaint is as follows:

1. Plaintiff is a real estate broker.

2. Defendants are husband and wife, with the husband acting as the duly authorized agent of the wife.

3. On or about May 10, 1971, the husband executed and delivered on behalf of both defendants to plaintiff a nonexclusive listing agreement, employing plaintiff to procure a purchaser for the farm property of defendants.

4. During the operative period of said agreement, plaintiff negotiated for the sale of said premises with Karl Hope, individually and/or as a principal of American Landmark Corporation, notice of same having been given in writing to defendant on or about May 10, 1971.

5. On or about September 25, 1972, without notice to, or knowledge of, plaintiff, defendants conveyed the aforesaid property to American Landmark Corporation for the sum of $150,000 by deed dated September 25, 1972, and recorded in the Monroe County Recorder's Office.

6. By reason of the aforesaid sale and conveyance to American Landmark Corporation, there became due by defendants to plaintiff a broker's commission of ten percent of the purchase price of $150,000, amounting to $15,000.

Our appellate courts have decided that a real estate broker employed to sell real estate for his principal is not entitled to recover his commission unless his services were the effective cause of the sale: Zellner v. Murdoch, 298 Pa. 208; Engelberg v. Browar, 296 Pa. 382; Stevenson v. Nichols, 362 Pa. 25; Lamb v. Elder, Pa. Superior Ct. 522.

The mere fact that the real estate broker carried on negotiations with the ultimate purchaser of the real estate does not entitle him to his commissions unless his services were the effective cause of the sale: Zellner v. Murdoch, 298 Pa. 208; Bossart v. Erie Coal Mining Co., 276 Pa. 63; Engelberg v. Browar, 296 Pa. 382.

According to plaintiff's complaint, the only signifi-

cant services rendered by plaintiff with respect to the ultimate purchaser are that during the operative period of the listing agreement, plaintiff negotiated for the sale of the property in question with Karl Hope, individually and/or as a principal of American Landmark Corporation. This is not legally sufficient to entitle plaintiff to recover his commission. As stated above, under the law of this State, the mere fact that the broker carried on negotiations with the ultimate purchaser does not entitle the broker to his commission, unless his services were the effective cause of the sale. There are no facts alleged in the complaint to demonstrate that plaintiff was the effective cause of the sale to American Landmark Corporation. Therefore, the demurrer should be sustained as to both defendants.

The real estate in question was owned by John E. Sorensen and Angela L. Sorensen, his wife, as tenants by the entireties.

The complaint states that at the times mentioned in the complaint defendants were husband and wife, with the husband acting as the duly authorized agent of the wife. The complaint further states that the husband-defendant executed and delivered on behalf of both defendants to plaintiff, a nonexclusive listing agreement employing plaintiff to procure a purchaser for the real estate.

The aforesaid listing agreement, a copy of which is attached to the complaint, is signed by John Sorensen and Ted Kirk. It is not signed by Angela L. Sorensen. There is nothing in the agreement or on the paper containing the agreement to indicate that John E. Sorensen was signing the agreement as agent for his wife.

Plaintiff in his brief contends that because the real estate was owned by the husband and wife as tenants

by the entireties, the husband, solely by reason thereof, had the authority to sign the listing agreement for the wife as her agent, thereby binding her to the employment contract, without any express authority from the wife.

We cannot agree with plaintiff's contention.

The husband has no authority to act as agent for his wife in signing the listing agreement by virtue of the existence of the marriage relationship, nor by virtue of the ownership of the real estate in question by the husband and wife as tenants by the entireties: Sidle v. Kaufman, 345 Pa. 549; Restatement, 2d, Agency, §22, Comment (b); Mitchell v. First National Bank of Confluence, 136 Pa. Superior Ct. 467; Thees v. Prudential Insurance Company of America, 325 Pa. 465; Shay v. Schrink, 335 Pa. 94; Peterson v. Chandler, 362 Pa. 102; Del Borrello v. Lauletta, 455 Pa. 350; Kane v. Kane, 51 Lack. Jur. 141.

If plaintiff is relying solely on the husband's authority by virtue of the marriage relationship or by virtue of the ownership of the real estate as tenants by the entireties, then the husband had no authority to sign the listing agreement as agent for his wife. Under either of these theories, wife was not bound by the listing agreement, i.e., the employment contract employing plaintiff. Therefore, the demurrer should be sustained as to the wife for this reason, also.

However, plaintiff may be able to show that the husband had authority of some other nature to act as agent for his wife and that he signed the listing agreement on behalf of his wife as her agent.

Paragraph 5 of the complaint reads as follows:

"5. During the operative period of said Agreement, Plaintiff negotiated for the sale of said premises with Karl Hope, individually and/or as a principal of American Landmark Corporation, a Pennsylvania Cor-

poration with its principal place of business situate at 18 North Seventh Street, Stroudsburg, Pennsylvania, notice of same having been given in writing to the Defendant on or about May 10, 1971."

Defendants contend that the words "negotiated for the sale of said premises with Karl Hope, individually and/or as a principal of American Landmark Corporation" are not sufficiently specific. We agree with defendants' contention. The word "negotiated" is indefinite and vague. We believe that defendants are entitled to more complete and more specific information as to the services rendered by plaintiff with respect to Karl Hope and/or American Landmark Corporation, which the plaintiff claims entitles him to his commission.

"The function of the pleadings is to put the opponent on notice of what he will be called upon to meet at the trial, and to define the issues which will be tried. The fact-pleading system is designed to compel a concise orderly statement of the ultimate facts, so that litigation will be expedited, dilatory pleadings eliminated, and the parties will not be forced 'to depositions in all cases'.": Standard Pa. Pract., Commentary §1019-1.

"When the defendant is brought into court to answer a claim made against him, he is entitled to know what the plaintiff's cause of action is, so that he may be prepared to meet it. Good pleading requires, not only that every material fact essential to the plaintiff's cause of action be averred in the complaint, but that these essentials of a good cause of action be set forth with sufficient particularity and precision to give the defendant clear, exact, and definite information of the nature, character, and foundation of the demand he is to meet. The Civil Rules do not dispense with time-honored requirements in regard to the particularity with which matters of substance, indispensable to an

intelligent and just judgment between the parties, must be set out. The complaint must, therefore, give the defendant fair notice of all that is expected to be proved against him, and thus enable him to prepare his defense. It must lay the cause of action in its particular essentials and degrees by setting forth concisely the particular acts and facts giving rise to the plaintiff's cause of action. It should be not only concise, but precise, exhibiting with accuracy and completeness the ground on which recovery is sought, in clear, express, and unequivocal language. The rule is a necessary concomitant of the purpose of pleadings, which is to form distinct issues for trial of the cause": 3 Standard Pa. Pract. §33.

### ORDER

And now, September 11, 1974, the demurrer is sustained and the motion for a more specific complaint is sustained.

Plaintiff is hereby granted a period of 20 days from this date within which to file an amended complaint, if he so desires.